69950-DFG/GUO

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL
JONES, GENE MICHNO, MARVIN BAILEY, RICHARD
DAVIS

<div style="margin-left:2em">Plaintiffs,</div>
<div style="margin-left:4em">v.</div>

No. 07 C 855

COOK COUNTY SHERIFF'S OFFICE, MICHAEL F.
SHEAHAN, in his individual capacity as Sheriff of Cook
County, Illinois, TIMOTHY KAUFMANN, in his individual
capacity, SCOTT KURTOVICH, in his individual capacity,
DENNIS ANDREWS, in his individual capacity, THOMAS
SNOOKS, in his individual capacity, the COUNTY OF COOK,
a unit of local Government,

<div style="margin-left:4em">Defendants.</div>

Judge Ronald A.
Guzman

## DEFENDANT'S REPLY TO PLAINTIFF'S REPSONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADING

NOW COME Defendants, Cook County Sheriff's Office, Michael F. Sheahan, Timothy Kaufman, Scott Kurtovich, Dennis Andrews and Thomas Snooks (hereinafter referred to collectively as "Defendants"), by and through their attorneys, Querrey & Harrow, Ltd., as Special State's Attorneys, in Reply in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). In support of their motion, Defendants state as follows:

### PRELIMINARY STATEMENT

In their initial brief, Defendants demonstrated that the relevant factors to be analyzed by this Court support a finding that judgment on the pleadings is proper. To the extent Plaintiffs complain they were retaliated against based on their complaints about conditions at the Cook County Jail's ABO Unit, they did so pursuant to their duties as guards at the Jail, as opposed to as citizens speaking on issues of public concern. Plaintiffs' Response offers nothing disputing this understanding. When the judgment on the pleadings is analyzed in accordance with the well

established applicable principles, Plaintiffs' position should be rejected, and this Court should grant the motion and dismiss Count II as it pertains to First Amendment retaliation.

## ARGUMENT

Fed. R. Civ. P 12 (c) is the proper rule by witch to bring this Motion for Judgment on the Pleadings after an answer has been filed. A Rule 12(c) motion is premature if made before an answer is filed. *Warzon v. Drew*, 60 F. 3d 1234 (7th Cir. 1995); *Seber v. Unger*, 881 F. Supp. 323, 325 n. 2 (N.D. Ill. 1995). An unlabeled or mislabeled Rule 12(b)(6) Motion to Dismiss submitted after an answer to the complaint is filed will be treated as a 12(c) motion. *Steele v. Federal Bureau of Prisons*, 355 F. 3d 1204, 1212 n. 4 (10th Cir. 2003).

In order to properly allege a First Amendment retaliation Section 1983 claim, Plaintiff must allege: (1) he was engaged in constitutionally protected speech; (2) the protected speech was a "motivating factor" in the adverse employment action; and (3) that the same adverse employment action would have occurred absent the protected speech. *See, Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007) (citing *Mt. Healthy City School District Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

The Supreme Court has recently added a preliminary determination that must be made when deciding whether a public employee's speech warrants constitutional protection. *See, Mills v. City of Evansville, Ind.*, 452 F.3d 646 (7th Cir. 2006) (expanding protected speech analysis in light of *Garcetti v. Ceballos*, 126 S.Ct. 1951, 164 L. Ed. 2d 689 (2006)). In *Garcetti*, the Court determined that a public employee has no recourse to First Amendment protections where the underlying actions are performed in satisfaction of their job duties. *126 S. Ct. at 1953* ("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen."). The

2

Seventh Circuit has since applied this ruling in a variety of circumstances. *See, e.g., Sigsworth v. City of Aurora, Ill.,* 487 F.3d 506 at *5 (7th Cir. 2007), (upholding dismissal, finding that plaintiff did not speak "as a citizen on a matter of public concern," in light of admission that he was acting "in furtherance of the policy of cooperation"); *Spiegla,* 481 F.3d 961 (vacating jury judgment and award in light of *Garcetti,* where plaintiff was retaliated against after reporting a security breach in a manner that fell within her "duty to ensure the prison's safety and security"); *Mills,* 452 F.3d at 648 (upholding summary judgment against plaintiff based on *Garcetti,* where actions were taken "on duty, in uniform, and engaged in discussion with her superiors…speaking in her capacity as a public employee contributing to the formation and execution of official policy"); *see also Fairley v. Fermaint,* 482 F.3d 897 (7th Cir. 2007).

However, here we are faced with one of the rare instances in which the Plaintiffs' have indeed "plead [themselves] out of court," *see Bennett v. Schmidt,* 153 F.3d 516, 519 (7th Cir. 1998), as they have answered the question of whether or not they were acting within the scope of their job duties. Plaintiffs repeatedly state in unequivocal terms that they "at all relevant times satisfactorily were fulfilling their assigned duties." (See, e.g., Compl. P 10, 18, 23, 32, 39, 46,). Furthermore, Plaintiff claims they were retaliated against for submitting complaints to the supervisors and managers of the Cook County Department of Corrections (the "CCDOC"), in which they complained of purportedly wrongful conditions relevant to staffing in Abnormal Behavioral Observation Unit based on Sheriff's Office General Orders. (Compl. P 65-66). Not only did Plaintiffs have an implied duty to report conduct of other County employees, staffing and safety concerns that they felt was improper, they had an explicit duty to do so under CCDOC General Orders. Plaintiff alleges that the jail is governed by these General Orders. Therefore, Plaintiffs' speech as an employee has already been answered.

3

In responding to Defendants' judgment on the pleadings, Plaintiffs focus almost entirely on the relationships between the parties without any merit. *See, e.g.,* Plts. Resp. to Sheriff Defs. J. on Pleadings. P. 6. Nowhere do they allege that they were speaking "*as a citizen* on a matter of public concern," other than in general conclusions. Rather, they use the heading "Plaintiffs' Speech About Matters of Public Concern" and then proceed to define safety concerns due to alleged improper staffing and management supervision directly related to their employment at CCDOC. *See, Sigsworth,* 487 F.3d 506 *2 (citing *Garcetti v. Ceballos,* 126 S.Ct. at 1957; *Connick v. Myers,* 461 U.S. 138, 147-48, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983); *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968)) (emphasis added), They, therefore, fail to counter the clear statements to the contrary found in their complaint. Nowhere in plaintiffs' responses to Defendants' Motion for Judgment on the Pleadings do they address the challenges presented to their case by *Garcetti.*

In *Spiegla,* the Court held that a correctional officer who was responsible for maintaining the security of a prison by regulating and monitoring vehicle and foot traffic through the prison's main gate spoke pursuant to her official duties when she reported her immediate supervisor's breach of prison security policy to another supervisor. Similarly, Defendants here allege they reported to Defendants that the Abnormal Behavioral Observation Unit of the CCDOC lacked proper staffing, management and supervision. In accordance with the policy of cooperation and orders to communicate with the supervisors, Plaintiffs reported the observed alleged safety issues to supervisors and other managers of CCDOC. Because the Plaintiffs' speech was part of the tasks they were employed to perform, they spoke not as citizens but as public employees, and that speech is not entitled to protection by the First Amendment. *See, Garcetti,* 126 S. Ct. at 1960

4

("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen.").

Failing to meet the first prong of the *Connick-Pickering* test, Defendants cannot advance their claims of unconstitutional retaliation. *See, Spiegla,* 481 F.3d at 967 ("That [plaintiff]'s statements highlighted potential misconduct by prison officers does not change the fact that she was speaking pursuant to her official responsibilities, not as a citizen 'contributi[ng] to the civic discourse.'") (quoting *Garcetti,* 126 S.Ct. at 1960). The Plaintiffs' actions do not amount to constitutionally-protected speech, and their Section 1983 claims therefore lack this necessary element. *Spiegla,* 481 F.3d at 965.

Furthermore, the government as an employer has an interest in conducting its operations as effectively as possible. *Brooks v. University of Wisconsin*, 406 F. 3d 476, 479 (7th Cir. 2005). Public employees do not have an unfettered right to express themselves on matters related to their jobs, and courts must give due weight to the governments interest in efficient employment decision-making when evaluating retaliation claims. *Id.* The government's interest in achieving its goals as effectively and efficiently as possible is elevated from a relatively subordinate interest when it acts as a sovereign to a significant one when it acts as employer. The government cannot restrict the speech of the public at large just in the name of efficiency. But where the government is employing someone for the very purpose of effectively achieving its goals, such restrictions may well be appropriate. *Waters v. Churchill*, 114 S. Ct. 1878, 1887-8 (1994). Indeed, expanding job related complaints to potential First Amendment issues will clearly interfere with the important interests of effective operations.

In this case the Plaintiffs Complaint states the Plaintiff's were assigned to guard the most dangerous inmates in CCDOC. (Compl. P 60). Nevertheless, Plaintiffs had an escape occur on

5

their watch by inmates Plaintiffs' own Complaint characterizes as having repeated behavioral problems and having been charged with murder, rape, and other heinous crimes. *Id.* This was followed by an investigation conducted by the Sheriff's Police Department and other police agencies. Government agencies are charged by law with doing particular tasks. Agencies hire employees to help do these tasks as effectively and efficiently as possible. When an employee is paid a salary so that he will contribute to an agency's effective operation, the government employer must be able to investigate when a legitimate countervailing government interest is sufficiently strong and when those duties are being shunned. Plaintiffs' efforts to seek recovery for this necessary process is improper, rejected by the case law set forth above, and should be rejected by this Court.

WHEREFORE, Defendants, Cook County Sheriff's Office; Michael F. Sheahan, Timothy Kaufman, Scott Kurtovich, Dennis Andrews and Thomas Snooks, respectfully request that his Honorable Court dismiss Count II, with prejudice, and for such other relief as deemed appropriate.

Respectfully Submitted,

By: s/ Daniel F. Gallagher
One of the attorneys for Defendants Cook County Sheriff's Office, Michael F. Sheahan, Timothy Kaufman, Scott Kurtovich, Dennis Andrews, and Thomas Snooks.

Daniel F. Gallagher, Esq.
Terrence Guolee, Esq.
Mary McClellan, Esq.
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7544
Fax: 312-540-0578

Document #: 1262497

6