UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY AND RICHARD DAVIS, | |
| Plaintiffs, | No. 07 C 855 |
| v. | Judge Thomas M. Durkin |
| COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his official capacity, CAROL KAUFMAN, as representative of the estate of TIMOTHY KAUFMANN, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, THOMAS SNOOKS, in his individual capacity, the COUNTY OF COOK, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are six correctional officers with the Cook County Sheriff's Office. Plaintiffs brought claims under 42 U.S.C. § 1983 and state law alleging that former Cook County Sheriff Michael Sheahan, and certain officials in his office, conspired to retaliate against Plaintiffs for their support of a certain candidate in the election for sheriff by investigating and disciplining Plaintiffs in connection with an escape from the Cook County Jail. R. 55. On June 18, 2013, the Court closed the case in light of a decision by the Seventh Circuit holding that the individual defendants are entitled to qualified immunity. R. 368, 369, 370, 371. Plaintiffs have moved to

vacate that Order. R. 372. For the following reasons, Plaintiffs' motion is granted in part such that Plaintiffs' § 1983 claims against the Sheriff's Office and claim for intentional infliction of emotional distress against all Defendants are reinstated, and denied in part in that Plaintiffs' false imprisonment claim remains terminated.

**Background**

On February 11, 2006, several detainees escaped from the Cook County Jail. *See* R. 177 ¶¶ 5-6 (citing R. 149 at 5). Later that day, a correctional officer, Darin Gater, confessed to being complicit in the escape. *See* R. 150-2, 154-2. Gater also implicated Plaintiffs and stated they were motivated to "help [Richard] Remus" in his campaign to be elected sheriff by discrediting the then-current Sheriff Michael Sheahan and his chief of staff Tom Dart, R. 150-2 at QH03222; R. 154-2 at 134, who Sheahan supported as a candidate in the sheriff election. *See* R. 148-2 at 266-78. Plaintiffs were thereafter suspended and otherwise disciplined. *See* R. 199 ¶¶ 7-10.

Plaintiffs brought claims for political retaliation, violation of their First Amendment rights (based on earlier complaints Plaintiffs had made regarding conditions in the jail), conspiracy, intentional infliction of emotional distress, and false imprisonment. *See* R. 55. Plaintiffs supported their claims with evidence that Gater's statement was coerced and various statements the individual defendants made suggesting that their investigation was motivated by Plaintiffs' support for Remus. *See* R. 331 (*Hernandez v. Cook County Sheriff's Office*, 2012 WL 1079904, at *2-5 (N.D. Ill. Mar. 30, 2012)). Defendants moved for summary judgment on all claims and asserted a qualified immunity defense for the individual defendants. R.

142. The Court denied the motion as to all but the First Amendment claim. R. 226. Defendants appealed the denial of qualified immunity, and the Seventh Circuit reversed and remanded. *See Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906 (7th Cir. 2011). On remand, the Court again denied Defendants' motion for qualified immunity. R. 331 (*Hernandez*, 2012 WL 1079904).

Defendants appealed the denial of qualified immunity and the Seventh Circuit reversed. *Hernandez v. Sheahan*, 711 F.3d 816 (7th Cir. 2013). Without addressing whether the facts could make out a violation of a constitutional right, the Seventh Circuit held that it was objectively reasonable for the individual defendants to have investigated Plaintiffs because they had probable cause to do so based on Gater's statement implicating Plaintiffs. *Id.* at 817-18. The court held that Plaintiffs' allegations that Gater's statement was coerced could no longer be credited because "Gater failed to suppress the statement in state court proceedings on those very grounds." *Id.* at 818; *see* R. 312-4 at 6 (transcript of state court proceedings). The court concluded that "[d]ue to the fact the authorities had probable cause to investigate the Officers, we are less concerned about other possible motivations for their treatment." *Hernandez*, 711 F.3d at 818.

Plaintiffs argue the Court was wrong to dismiss the case in its entirety because the Seventh Circuit's decision leaves untouched Plaintiffs' "§ 1983 claims against the Sheriff's Office [and] Plaintiffs' state law claims against all Defendants." R. 372 at 1. Defendants argue that Plaintiffs' claims were properly dismissed because the "*Monell* claims are entirely dependent on the actions of the individual

3

defendants," R. 374 at 4, and the Seventh Circuit's probable cause finding is "[d]ispositive of both state law claims." *Id.* at 8.[1]

## Discussion

Federal Rule of Civil Procedure 60(b) allows the Court to correct its own legal errors. *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013). A decision to grant relief from a judgment under Rule 60(b) is within the Court's discretion. *Id.* at 657-58.

### A.   **Plaintiffs'** *Monell* **Claims**

Defendants argue that the Court should not vacate its order dismissing Plaintiffs' *Monell* claims, because a verdict against the Sheriff's Office would be "inconsistent" with the Seventh Circuit's holding that the individual defendants' actions were objectively reasonable. R. 374 at 5 (citing *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2009)). Defendants extrapolate from the particular facts in *Thomas* to interpret *Thomas* to hold that absent liability of individual state actors, a state or municipal agency can only be liable for a constitutional violation if the nature of the claim is such that the violation could have occurred without individual intent. R. 374 at 5-6. Defendants then rely on

---

[1] During oral argument on September 24, 2013, defense counsel highlighted the Seventh Circuit's attribution of the following statement to Plaintiffs' brief on appeal: "Political retaliation is the lifeblood of this case. If the Court finds qualified immunity, Plaintiffs' suit is imperiled as tort law counts would be the only remnants." *Hernandez*, 634 F.3d at 912. R. 394 at 36:14-20. To avoid further confusion, the Court notes that this statement is actually from *Defendants'* brief on appeal, not Plaintiffs' brief. *See* Appellants' Brief and Required Short Appendix, filed Apr. 1, 2010, *Hernandez et al. v. Cook County Sheriff's Office et al.*, No. 10-1440 (7th Cir.), Doc. No. 16, at 42.

4

*Tanner v. City of Waukegan*, 2011 WL 686867 (N.D. Ill. Feb. 16, 2011), to argue that because "claims of retaliation and conspiracy involve elements of intent . . . . Plaintiffs cannot show how municipal policies and practices at issue in their Complaint" could "negate intent." R. 374 at 5-6 (citing *Tanner*, 2011 WL 686867, at *4 (holding that a claim of retaliation against a municipality must be predicated upon liability of an individual state actor, and that the reasoning of *Thomas* justifying the possibility of municipal liability absent individual liability was not applicable in the context of a retaliation claim)). Thus, Defendants contend that because retaliation requires individual intent, the Sheriff's Office cannot be liable here because the individual defendants are not liable.

But *Tanner's* holding that a municipal policy cannot absolve an individual actor of liability for retaliatory actions is inapposite here where the individual defendants were absolved of liability due to qualified immunity as opposed to a lack of intent, as was the case in *Thomas*. Defendants' reliance on *Tanner's* reasoning shows that Defendants miss *Thomas's* central logic which is that municipal liability is predicated upon the existence of a constitutional *violation* committed by individuals, not the legal *liability* of those individuals for their actions. Thus, in *Thomas*, the individuals were not liable for their actions, but their actions nevertheless caused a constitutional violation for which the municipality could be liable. *See Thomas*, 604 F.3d at 305 ("[T]he jury could have found that the [state actors] were not deliberately indifferent to Smith's medical needs, but simply could

not respond adequately because of the well-documented breakdowns in the County's policies for retrieving medical request forms.").

Here, the Seventh Circuit's holding that the individual defendants are qualifiedly immune does not mean that there was no constitutional violation, i.e., that the individual defendants did not act with retaliatory intent. The question of whether the actions of the individual defendants were motivated by retaliatory intent and constituted a constitutional violation remains undecided.[2] And since that question is open, the question of whether the municipality is liable for that alleged constitutional violation is also still open.

To the extent that Defendants argue that the Seventh Circuit's holding that the individual defendants' actions were "objectively reasonable" negates the possibility that they acted with retaliatory intent, the Seventh Circuit has declined to endorse this reasoning. The Seventh Circuit "has explicitly reserved the question whether government defendants *per se* avoid First Amendment § 1983 claims by demonstrating that they had probable cause." *See Hernandez*, 634 F.3d at 915 (citing *Abrams v. Walker*, 307 F.3d 650, 657 (7th Cir. 2002)). To succeed on a claim for retaliation a plaintiff ultimately must show that a plaintiff's protected activity (here support for Remus) was the "but for" cause of the retaliatory action (here Defendants disciplining Plaintiffs). *See Spiegla v. Hull*, 371 F.3d 928, 941-43 (7th Cir. 2004). While the Seventh Circuit's finding that the individual defendants'

---

[2] As the Seventh Circuit said, in light of the existence of probable cause, "we are less concerned about other possible motivations for their treatment." *Hernandez*, 711 F.3d at 818.

actions were objectively reasonable because they had probable cause may be *evidence* that Plaintiffs' support for Remus was not the "but for" cause of their discipline, this is a question that requires evaluation of the factual record on summary judgment.

The Court already determined on summary judgment that there is a triable issue of fact regarding the individual defendants' motives. R. 226. But the Court reached this decision without benefit of the Seventh Circuit's clarification that Gater's statement was not coerced. Now that the Seventh Circuit has determined that Gater's statement was not coerced the parties should have the opportunity to re-brief whether summary judgment is appropriate on Plaintiffs' § 1983 claims against the Sheriff's Office. Therefore, the Court vacates its decision dismissing Plaintiff's § 1983 claims against the Sheriff's Office.

**B.     Plaintiffs' State Law Claims**

Defendants argue that the Seventh Circuit's holding that the individual defendants had probable cause to investigate Plaintiffs is "[d]ispositive of both state law claims." R. 374 at 8. "Probable cause is an absolute bar to a claim of false imprisonment." *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E.2d 993, 1007 (Ill. 2013). Nevertheless, Plaintiffs argue that their false imprisonment claim should survive because a question of qualified immunity is only appealable "to the extent that it turns on an issue of law," *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005), and, thus, "[t]he Seventh Circuit did not and could not have decided factual disputes even on the issue of probable cause." R. 386 at 13.

7

Plaintiffs are incorrect that the Seventh Circuit may not make factual determinations in the course of deciding a qualified immunity question that turns on an issue of law. *See Fleming v. Livingston Cnty.*, 674 F.3d 874, 879 n.3 (7th Cir. 2012) ("[E]ven in cases in which the question of qualified immunity is factually intertwined with the question of whether officers violated the Fourth Amendment . . ., judges must still make an immunity determination separate from the jury's finding on whether the officers violated the plaintiff's constitutional rights." (citing *Saucier v. Katz*, 533 U.S. 194, 197 (2001)). Furthermore, the Seventh Circuit has noted that "[w]hether the known facts add up to probable cause is a legal question." *Bridewell v. Eberle*, -- F.3d --, 2013 WL 5188658, at *2 (7th Cir. Aug. 27, 2013). Additionally, the court's holding that probable cause existed here was based on the *legal* determination that whether Gater's statement was coerced was no longer in question because "the state court ruled that Gater's statement was voluntary," and it provided the "factual basis for the jury's verdicts" against Gater. *Hernandez*, 711 F.3d at 818. Thus, there is no question that the Seventh Circuit held that the individual defendants had probable cause to investigate Plaintiffs. And due to the existence of probable cause, the Court will not vacate its order dismissing Plaintiffs' false imprisonment claim.

On the other hand, probable cause is *not* a complete defense to a claim of intentional infliction of emotional distress. Defendants' reliance on *Rebolar v. City of Chicago*, 897 F. Supp. 2d 723 (N.D. Ill. 2012) is misplaced. R. 374 at 8. In *Rebolar*, the existence of probable cause was relevant to the court's holding that

8

that the defendants' conduct was not "extreme and outrageous," but the court did not hold that the existence of probable cause alone was dispositive of the issue. 897 F. Supp. 2d at 741. Therefore, because the Seventh Circuit's decision did not dispose of Plaintiffs' claims for intentional infliction of emotional distress, the Court vacates its decision dismissing that claim.

## Conclusion

For the foregoing reasons, Plaintiffs' motion is granted in part in that the Court vacates its order dismissing Plaintiffs' § 1983 claims against the Sheriff's Office and claim for intentional infliction of emotional distress against all Defendants, and denied in part in that the Court does not vacate its order dismissing Plaintiffs' claim for false imprisonment. If Defendants intend to move for summary judgment on the remaining claims, Defendants must do so by November 6, 2013.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: October 7, 2013