UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY AND RICHARD DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his official capacity, CAROL KAUFMAN, as representative of the estate of TIMOTHY KAUFMANN, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, THOMAS SNOOKS, in his individual capacity, the COUNTY OF COOK, <br><br> Defendants. | No. 07 C 855 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Six correctional officers with the Cook County Sheriff's Office, Department of Corrections who worked at the Cook County Jail (namely, Ivan Hernandez, Roberto Rodriguez, Bill Jones, Gene Michno, Marvin Bailey, and Richard Davis (collectively "Plaintiffs")), allege that the Cook County Sheriff's Office, former Cook County Sheriff Michael Sheahan, and certain officials in his office (namely, Timothy Kaufmann, Scott Kurtovich, Dennis Andrews, and Thomas Snooks) (collectively, "Defendants"), violated the First Amendment and state law by conspiring to discriminate and retaliate against Plaintiffs for their support of a certain candidate

in the election for sheriff by investigating and disciplining Plaintiffs in connection with an escape from the Cook County Jail. R. 55. Counts I, II, IV, and VI of the complaint have been dismissed at various points in time during the course of the litigation. *See* R. 226; R. 369 (*Hernandez v. Sheahan*, 711 F.3d 816 (7th Cir. 2013)); R. 395. More recently, on July 31, 2014, the Court denied Defendants' motion for summary judgment on the remaining claims in the case, i.e., Plaintiffs' *Monell* claim against the Sheriff's Office for political retaliation in violation of the First Amendment (Count III), and Plaintiffs' claim against the individual defendants for intentional infliction of emotional distress in violation of Illinois law (Count V). *See* R. 445 (*Hernandez v. Cook Cnty. Sheriff's Office*, 2014 WL 3805734 (N.D. Ill. July 31, 2014)). Defendants have now moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Count V (the claim for intentional infliction of emotional distress), arguing that the Court lacks subject matter jurisdiction over the claim because Plaintiffs failed to administratively exhaust the claim pursuant to the Illinois Human Rights Act ("IHRA"). R. 452. For the following reasons, the motion is denied.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction "at any time." *See* Fed. R. Civ. P. 12(h)(3). Although Article III, Section 2, of the United States Constitution defines the outer bounds of a federal court's subject matter jurisdiction, generally, the original jurisdiction of federal courts in a non-criminal case arises from a federal

2

question or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332. A federal court's original jurisdiction may be supplemented to include state law claims that "form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a federal court's ability to exercise supplemental jurisdiction over a state law claim is subject to any provision in the state law limiting subject matter jurisdiction. *See Bell v. LaSalle Bank N.A.*, 2005 WL 43178, at *2 (N.D. Ill. Jan. 10, 2005) (holding that the IHRA, which provides that "'no court shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act' . . . divests courts, both state and federal, of jurisdiction to hear state law claims of civil rights violations unless those claims are brought under the IHRA."); *Guy v. State of Illinois*, 958 F. Supp. 1300, 1312 (N.D. Ill. 1997) ("Illinois state courts (and federal courts sitting in their stead) lack jurisdiction over [IHRA] claims, which proceed instead in front of the Illinois Human Rights Commission.").

"The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). When "considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). On this motion, which comes after the Court has already denied summary judgment on the claim at issue,

the Court will consider all the facts in the record that bear on its subject matter jurisdiction over the claim.

## Analysis

As the Court discussed in greater detail in denying Defendants' motion for summary judgment, Plaintiffs—who were correctional officers at the Cook County Jail—allege that they were investigated and disciplined by Defendants in connection with an escape from the Cook County Jail, due to their political support for a certain candidate in the election for Cook County Sheriff. The Court has original jurisdiction over this case because Plaintiffs claim that Defendants discriminated against them based on their political affiliation in violation of the First Amendment. Plaintiffs also claim that Defendants' actions demonstrated that they intended to inflict emotional distress on Plaintiffs in violation of Illinois law.

Defendants argue that the IHRA deprives the Court of jurisdiction over Plaintiffs' claim for intentional infliction of emotional distress because the IHRA "divests jurisdiction from both state and federal courts over state law claims of civil rights violations unless they are brought pursuant to the [IHRA]." R. 452 at 4. Defendants contend further that Plaintiffs' claim for intentional infliction of emotional distress is "inextricably linked" to their First Amendment claim such that the Act requires them to administratively exhaust the intentional infliction of emotional distress claim before proceeding in court (whether state or federal). *Id.* Plaintiffs argue to the contrary that the IHRA does not apply to claims of First Amendment violations, and even if it did, Plaintiffs' intentional infliction of

4

emotional distress claim is not "inextricably linked" to their First Amendment claim.

I.  **The IHRA's Scope**

The IHRA provides, "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D). The IHRA defines "civil rights violation" to "include[,] and [to] be limited to[,] only those specific acts set forth in Sections 2-102, 2-103, 2-105, 3-102, 3-102.1, 3-103, 3-104, 3-104.1, 3-105, 3-105.1, 4-102, 4-103, 5-102, 5A-102, 6-101, and 6-102 of this Act." 775 ILCS 5/1-103(D). Of the sections included in the definition of "civil rights violation," the two relevant to Plaintiffs' claims are Sections 2-102 and 6-101. Section 2-102 provides that a "civil rights violation" in the employment context is defined as an employer's action "to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 775 ILCS 5/2-102(A). Under Section 6-101 it is also a "civil rights violation" to "[r]etaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination . . . or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act." 775 ILCS 5/6-101(A). Notably, both of these definitions of "civil rights violation" are in turn dependent on the term "unlawful discrimination."

5

The IHRA defines "unlawful discrimination" to "mean[] discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, or unfavorable discharge from military service." 775 ILCS 5/1-103(Q).

Notably absent from this list of protected characteristics in Section 1-103 is "political affiliation" or any reference to the freedom of speech clause in the First Amendment.[1] Defendants do not mention, let alone substantively address, Section 1-103 and its definition of "unlawful discrimination." Instead, Defendants argue without citation, that "[n]either [Section 2-102 nor 6-101] contain language limiting or restricting the term 'unlawful discrimination.'" R. 460 at 4. Contrary to Defendants' argument, however, Section 1-103 expressly applies to the entire IHRA. *See* 775 ILCS 5/1-103 ("When used in this Act . . . ."). Because Section 1-103 applies to the entire IHRA, the definition of "unlawful discrimination" functions to "limit" the definitions of "civil rights violation" in Section 2-102 and 6-101. Since the plain language of the IHRA's definitions of "civil rights violation" and "unlawful discrimination" do not include protections for political affiliation, the IHRA did not require Plaintiffs to exhaust administrative remedies for their intentional infliction

---

[1] "Religion" is included in the list, and the First Amendment, of course, provides that "Congress shall make no law respecting an establishment of religion," but Plaintiffs' claim of discrimination on the basis of the First Amendment is not premised on their religious beliefs.

6

of emotional distress claim. Therefore, the IHRA does not divest the Court of jurisdiction over Plaintiffs' intentional infliction of emotional distress claim.[2]

## II. Whether Plaintiffs' Intentional Infliction of Emotional Distress Claim is "Inextricably Linked" to Their First Amendment Discrimination Claim

Even if the IHRA protected plaintiffs from retaliation based on their political affiliation, Plaintiffs' claim for intentional infliction of emotional distress is not "inextricably linked" to their retaliation claim, such that the IHRA divests the Court of jurisdiction over that claim. "A claim is inextricably linked with the [IHRA] if the [IHRA] furnishes the legal duty that the employer is alleged to have violated, such as the duty to refrain from discriminating against . . . an employee." *Mendez v. Perla Dental*, 646 F.3d 420, 422 (7th Cir. 2011); *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) ("That is, if the [defendant's] conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it."). In other words, "[w]here the complaint alleges a tort recognized at common law, such that the elements of the tort can be established without reference to the legal duties created by [the IHRA], the state law claim is not preempted by the [IHRA]."

---

[2] The only authority Defendants cite in support of their argument that the IHRA covers discrimination based on political affiliation is *Zimny v. Cook County Sheriff's Office*, 2014 WL 4555302 (N.D. Ill. Sept. 15, 2014). That decision, however, was recently vacated in light of a motion to reconsider, based on analysis of the definition of "unlawful discrimination" in Section 1-103 that is in accordance with the Court's analysis above. *See Zimny v. Cook County Sheriff's Office*, 12 C 05963, Dkt. No. 98 (N.D. Ill. Dec. 15, 2014). To the extent it ever was, *Zimny* is no longer persuasive authority in Defendants' favor.

7

*Mendez*, 646 F.3d at 422; *see also Parker v. Side by Side, Inc.*, 2014 WL 2932211, at *22 (N.D. Ill. June 27, 2014) ("If a plaintiff can satisfy the elements of a tort without reference to legal duties that the IHRA creates, the tort claim is not 'inextricably linked' to a civil rights violation, and courts may exercise jurisdiction over it." (citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21 (Ill. 1997))).

In *Naeem v. McKesson Drug Co.*, the Seventh Circuit noted that it has reached different conclusions with respect to the relationship between the IHRA and claims for intentional infliction of emotional distress. 444 F.3d at 604. In one case, the court held that "a claim of intentional infliction of emotional distress was preempted by the IHRA when '*the core* of [the plaintiff's] theory' was that the plaintiff was a victim of racial harassment," which is a category of conduct covered by the IHRA. *Id.* (quoting *Smith v. Chi. Sch. Reform Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999)) (emphasis added). By contrast, in another case the court held that "'discrimination and intentional infliction of emotional distress are different wrongs,' and so torts that do not depend on a civil rights violation are not preempted." *Naeem*, 444 F.3d at 604 (quoting *Sanglap v. LaSalle Bank FSB*, 345 F.3d 515, 519 (7th Cir. 2003)). In the *Naeem* case itself, the Seventh Circuit held that the IHRA did not divest the district court of jurisdiction over the plaintiff's intentional infliction of emotional distress claim. 444 F.3d at 605. The court reasoned:

> Given the extreme behavior outlined by the district court, and presented to the jury, we must conclude the defendants committed a tort independent of any duties not to discriminate against Ms. Naeem. The conduct that

8

> she alleges is not just sexually harassing conduct; instead, she alleges a pattern of behavior by the defendants that created impossible deadlines, set up obstacles to her performing her job, and sabotaged her work. . . . [I]t is clear that her claim rests not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant.

*Id.*

Notably, a court in this District has previously found that the IHRA did not divest the court of jurisdiction over a Cook County Jail corrections officer's claim for intentional infliction of emotional distress against the Cook County Sheriff's Office alleging that the Sheriff's Office falsely accused the plaintiff of a crime. *See Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 416 F. Supp. 2d 612 (N.D. Ill. 2006). The court in *Swearingen-El* held that "[a]lthough [the plaintiff] has alleged that there was a discriminatory motive behind [the Sheriff's Office's] actions, these actions would be equally punishable [as a tort] even if they were not motivated by discrimination. [The plaintiff] can establish these claims independently without any reference to the IHRA or any legal duty created by the IHRA." *Id.* at 618.

The same reasoning applies here. The "core" of Plaintiffs' theory of their claim of intentional infliction of emotional distress is not simply that they were retaliated against based on their political affiliation (assuming for purposes of this analysis that a duty to refrain from such retaliation is included in the IHRA, which the Court has held it is not). Rather, the emotional distress for which Plaintiffs seek redress is the unwarranted criminal investigation into and discipline of their conduct at work. As the Court discussed in denying Defendants' motion for

9

summary judgment on this claim, Illinois case law recognizes that a "sham" or improperly motivated investigation into, and discipline of, an employee's conduct can be "extreme and outrageous" such that it satisfies the elements of a claim for intentional infliction of emotional distress. *See Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 868 (Ill. App. Ct. 1st Dist. 2000); *see also Vickers v. Abbott Labs.*, 719 N.E.2d 1101, 1115 (Ill. App. Ct. 1st Dist. 1999) ("a conspiracy or a systematic effort to remove plaintiff from his managerial position" in the employment context can be extreme and outrageous). Moreover, as the Court noted, "Defendants' conduct did not merely expose Plaintiffs to the threat of the loss of their employment; Plaintiffs faced the threat of imprisonment as well. Defendants surely knew that the threat of imprisonment would cause Plaintiffs severe emotional distress, especially since Plaintiffs are correctional officers." *Hernandez*, 2014 WL 3805734, at *8. The extreme fear Defendants are alleged to have caused by abusing not only their power as Plaintiffs' supervisors, but as law enforcement officers, is the core of Plaintiffs' claim. Plaintiffs' claim for intentional infliction of emotional distress is not "inextricably linked" to their political discrimination claim, because Plaintiffs' intentional infliction of emotional distress claim is based on Defendants' alleged violation of a duty not to abuse their power and subject Plaintiffs to a sham investigation, as opposed to the duty not to discriminate on the basis of political affiliation. Thus, the IHRA does not divest the Court of jurisdiction over Plaintiffs' intentional infliction of emotional distress claim.

Defendants note that in the Court's decision denying summary judgment on Plaintiffs' intentional infliction of emotional distress claim the Court stated that "'a reasonable jury could hold that Defendants' political motivation for investigating and disciplining Plaintiffs, if true, is extreme and outrageous conduct.'" *See* R. 460 at 6 (quoting *Hernandez*, 2014 WL 3805734, at *7). Defendants contend that the "language of the Court's order serves to show just how inextricably linked Plaintiff's [sic] claims of unlawful discrimination and political motivation truly are." R. 460 at 6. Defendants' argument, however, conflates the particular facts of the case with the legal duties Defendants are alleged to have breached. *See Parker*, 2014 WL 2932211, at *23 ("[T]he proper inquiry here is not on whether the facts that support Plaintiff's [intentional infliction of emotional distress] claim could also have supported a harassment or retaliation claim, but on whether Plaintiff can prove the elements of his [intentional infliction of emotional distress] claim independent of the legal duties that the IHRA creates."); *Fuesting v. Uline, Inc.*, 2014 WL 1243939, at *5 (N.D. Ill. Mar. 21, 2014) ("The Illinois Supreme Court . . . clarified in *Maksimovic* that the inquiry focuses on legal duties, not facts."). As discussed above, the core of Plaintiffs' intentional infliction of emotional distress claim is an allegation that Defendants breached their duty as supervisors not to subject Plaintiffs to a "sham" or improperly motivated investigation and discipline. Violation of this duty to avoid abuse of power over employees establishes the tort here. In this case, it is true, that Defendants' abuse of power is alleged to have been motivated by an intent to retaliate against Plaintiffs for their political affiliation.

11

But those particular facts are not necessary to establish the tort of intentional infliction of emotional distress. Rather, the mere fact that Defendants subjected Plaintiffs to investigation, discipline, and threat of imprisonment, based on any improper motive is sufficient to establish the tort absent any particular reference to political discrimination. The particular motivation, or the specific context that made the motive improper, is irrelevant.

The Seventh Circuit has specifically cited for approval district courts that have distinguished between the underlying discriminatory intent on the one hand, and the harassing conduct that was motivated by the discrimination on the other, to find that claims for intentional infliction of emotional distress based on the harassing conduct are not preempted by the IHRA. *See Naeem*, 444 F.3d at 603 n.4 ("[T]he district court [properly] found that an intentional infliction of emotional distress action was not preempted by the IHRA, even though it involved sexual elements, because it did 'not depend on the prohibitions against sex discrimination for its survival.'" (quoting *Roberts v. County of Cook*, 213 F. Supp. 2d 882, 884 (N.D. Ill. 2002)); "[I]f an employer acts in an extreme and outrageous manner, and thus commits intentional infliction of emotional distress, it is 'irrelevant whether the motive for this harassment' was based on a discriminatory intent." (quoting *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 696 (N.D. Ill. 2003))). This Court will follow suit.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, R. 452, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 18, 2014