IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY, RICHARD DAVIS, <br>                 Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his individual capacity as Sheriff of Cook County, Illinois, CAROL KAUFMANN, representative of the Estate of TIMOTHY KAUFMANN, deceased, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, THOMAS SNOOKS, in his individual capacity, the COUNTY OF COOK, a unit of local Government, <br>                 Defendants. | No. 07 C 855 <br><br> Judge Thomas M. Durkin |

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his individual capacity as Sheriff of Cook County, Illinois, CAROL KAUFMANN, representative of the Estate of TIMOTHY KAUFMANN, deceased, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, and THOMAS SNOOKS, in his individual capacity, by and through their attorneys, Querrey & Harrow, Ltd., appointed as Special State's Attorneys, and for their Reply in Support of their Motion for Summary Judgment, state as follows:

**INTRODUCTION**

Plaintiff Rodriguez's Response to Defendants' Motion for Summary Judgment fails to defeat summary judgment. First, Rodriguez lacked standing to pursue his claims here as he was not acting on behalf of the estate at any time. Next, the facts surrounding Rodriguez's bankruptcy case are clear—Rodriguez never adequately disclosed his interest in this matter. At the creditors' meeting, the trustee ordered two times that Rodriguez amend his schedules. However, in a clear attempt to

conceal his claim, Rodriguez did not amend his schedules for more than two and a half years after the creditors' meeting. Rodriguez's initial failure to disclose his claim in this case, taken together with his blatant refusal to amend his schedules in accordance with the trustee's orders, demonstrate that judicial estoppel is proper. Accordingly, summary judgment as to Rodriguez's claims is proper.

## ARGUMENT

### I.     Plaintiff Rodriguez Lacks Standing

Summary judgment is proper as Plaintiff Rodriguez lacks standing to pursue his claims in this case. As set forth in Defendants' Memorandum of Law, once a trustee is appointed by the bankruptcy court to represent the bankruptcy estate's property, a debtor is divested of standing to pursue legal interests belonging to the estate as the debtor no longer "possesses a sufficient interest in the action to entitle him to be heard on the merits." *Aikens v. Soul Circus, Inc.*, No. 09 C 6678, 2011 U.S. Dist. LEXIS 68928, at *11 (N.D. Ill. June 24, 2011). At the time the bankruptcy petition is filed, all of a debtor's property becomes a part of the bankruptcy estate. *Calvin v. Potter*, No. 07 CV 3056, 2009 U.S. Dist. LEXIS 73862, at *7 (N.D. Ill. Aug. 20, 2009).

Rodriguez contends that he has standing because under Chapter 13 proceedings, a debtor may bring a claim in his own name on behalf of the bankruptcy estate. (Resp. at 4). Rodriguez's recitation of the law is correct. Courts have held that "with limited exceptions a Chapter 13 debtor retains possession of the property of the estate, . . . and retains authority to "commence and prosecute any action or proceeding in [sic] behalf of the estate before any tribunal." *Aikens*, 2011 U.S. Dist. LEXIS 68928, at *6. *See also Calvin*, 2009 U.S. Dist. LEXIS 73862, at *7 ("A Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims *on behalf of the estate*.") (emphasis in original). In Chapter 13 bankruptcy proceedings, the debtor-in-possession "steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 474 (7th Cir. 1999). However, although a debtor

2

may commence and prosecute a cause of action on behalf of the estate, a debtor cannot commence and prosecute a cause of action for his own benefit. *See id.* at 472-74 (finding that a Chapter 13 bankruptcy debtor has standing to bring claims on behalf and for the benefit of the estate, but not for the personal benefit of the debtor).

Here, there is no question that Rodriguez brought his claims in this case on his own behalf and for his own benefit, not that of the bankruptcy estate. First, Rodriguez completely failed to disclose his interest in this matter in the bankruptcy schedules. Rodriguez did inform the trustee about the existence of this lawsuit during the April 26, 2012 creditors' meeting. Significantly, at the meeting, the trustee demanded that Rodriguez and his attorney provide them with the value of this case, noting that "if it's a hundred thousand dollar claim, then you're going to have to pay a lot more in the case. So it's going to affect how the case . . . ." (Exhibit B to Plaintiff Rodriguez's Rule 56.1 Statement of Additional Facts, at 7-8). Upon hearing that, Mr. Cohon, Rodriguez's counsel, in Rodriguez's presence informed the trustee that the value of this case was "$15,000." *Id.* However, the five Plaintiffs here have demanded $1.8 million to settle this case.

Moreover, even though the trustee informed both Rodriguez and Mr. Cohon that the schedules needed to be amended to include this lawsuit, neither Rodriguez nor Mr. Cohon amended the schedules. Rather, it was not until November 26, 2014, more than two and a half years after the April 26, 2012 creditors' meeting that Rodriguez moved to reopen the bankruptcy case and amend his schedules. Even more significant, is the fact that the only impetus for amending Rodriguez's bankruptcy schedules was Defendants' issuance of requests to admit to Rodriguez on September 30, 2015. In fact, it was Rodriguez's counsel in this case, Dana Kurtz, who appeared in court on November 26, 2014, and moved to have the case reopened. (Ex. M to Plaintiff Rodriguez's Rule 56.1 Statement of Additional Facts, at 2). The facts surrounding Rodriguez's bankruptcy case—the failure to initially disclose this case, the undervaluing of his claim, the failure to amend the schedules,

3

and the fact that it was not until Defendants issued requests to admit that he amended his schedules—all serve to show that Rodriguez was not acting on behalf of the bankruptcy estate. Rather, he was impermissibly pursuing his claims solely on his own behalf and for his own benefit. Accordingly, Rodriguez lacks standing to pursue his claims in the instant matter.

Next, in addition to contending that he has standing to pursue his claim here, Rodriguez claims that Defendants waived their argument that he lacks standing as "Defendants do not provide any legal argument on this point." (Resp. at 2, 4). This is incorrect. Defendants' Motion clearly sets forth the reasoning why Plaintiff lacks standing here. In their Motion, Defendants assert that Plaintiff lacks standing because his interest in this claim belongs to his bankruptcy estate. Moreover, it is "well settled that standing is not subject to waiver or forfeiture." *Freedom From Religion Found, Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). *See also United States v. Hays*, 515 U.S. 737, 742 (1990) ("The question of standing is not subject to waiver."). This is because "federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." *Hays*, 515 U.S. at 742 (citing *FW/PBS, Inc.* v. *Dallas,* 493 U.S. 215, 230-231 (1990)) (internal quotations omitted). Defendants therefore have not waived the issue of whether Rodriguez has standing to pursue his claims in the instant matter.

## II.    Judicial Estoppel Bars Plaintiff Rodriguez From Bringing His Claim

This Court should find that judicial estoppel is proper, thus barring Rodriguez from continuing with his claims in this case. A debtor "who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006), *cert. denied*, *Cannon-Stokes v. Potter*, 549 U.S. 1099 (2006). Courts will apply the doctrine of judicial estoppel in order to prevent the perversion of the judicial process in situations where a debtor concealed an asset for his personal benefit. *Id.* 453 F.3d at 448.

4

The record is clear: Rodriguez intended to conceal not only the existence of his interest in this case, but also the potential value of his claim. It is undisputed that Rodriguez did not initially disclose his interest in the present lawsuit during his bankruptcy proceeding. (Exs. C, E to Plaintiff Rodriguez's SOAF). It is further undisputed that even after the trustee informed both Rodriguez and his attorney, Mr. Cohon, that the bankruptcy schedules needed to be amended in order to include this case, neither Rodriguez nor Mr. Cohon did so. (Exs. C, D, and E to Plaintiff Rodriguez's SOAF). Nor can it be disputed that after the trustee informed Rodriguez and Mr. Cohon that they needed to provide the value of the current lawsuit because Rodriguez would be paying more in the bankruptcy case if it was a hundred thousand dollar claim, Mr. Cohon, in Rodriguez's presence, placed a $15,000 value on Rodriguez's claim. (Ex. B to Rodriguez's SOAF, at 8). Plaintiffs, however, have demanded $1.8 million dollars to settle this case. Finally, it is undisputed that Rodriguez did not amend his schedule until Defendants learned of his bankruptcy case and issued requests to admit regarding same. Plaintiff Rodriguez's oral disclosure of his claim at the April 26, 2012 creditors' meeting is insufficient to avoid judicial estoppel. Rodriguez's initial failure to disclose his claim and the extremely low value placed on it, along with his failure to amend his schedules despite orders to do so by the trustee, clearly necessitate judicial estoppel.

The Seventh Circuit's ruling in *Cannon-Stokes* is instructive. In *Cannon-Stokes*, the plaintiff failed to disclose her $300,000 claim against her employer. *Cannon-Stokes*, 453 F.3d at 447. The plaintiff filed a civil lawsuit following the discharge of her debts in the bankruptcy case. *Id.* The Northern District granted the defendant's motion for summary judgment, finding that the requirements of judicial estoppel were satisfied. *Id.* Following the plaintiff's appeal to the Seventh Circuit, the court noted that all six circuit courts that have considered this issue have ruled that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *See id.* at 448 (citing decisions

5

from the First, Third, Fifth, Eighth, Ninth, and Eleventh Circuit Courts of Appeals). Therefore, judicial estoppel prevented the plaintiff from pursuing her claim against the defendant. *Id.* at 449.

In an attempt to avoid judicial estoppel, Rodriguez contends *Cannon-Stokes* is distinguishable because he did not receive any benefit from his bankruptcy case since he did not receive a discharge. (Resp. at 8-9). Plaintiff Rodriguez's argument, however, is erroneous. Rodriguez is correct in that his situation is somewhat distinguishable from *Cannon-Stokes* in that he did not receive a discharge in the bankruptcy court. However, that distinction is immaterial and fails to undermine *Cannon-Stokes*' applicability here as Rodriguez benefited from filing for bankruptcy. The Seventh Circuit has found that when a debtor receives "even preliminary benefits from concealing a chose in action from his creditors[, he] can still be estopped from pursuing the suit in the future." *Williams v. Hainje*, 375 Fed. Appx. 625, 627 (7th Cir. 2010).

In *Williams*, the plaintiff moved to amend his personal property schedules in his pending bankruptcy proceeding after the defendant had moved for summary judgment in the civil lawsuit. *Id.* While the civil lawsuit was pending, the bankruptcy case was dismissed because the plaintiff had defaulted on his payments. *Id.* The *Williams* court noted that the plaintiff in that case differed from the *Cannon-Stokes* plaintiff because he did not receive a discharge of his debt since his bankruptcy case was dismissed. *Id.* Significantly, the Seventh Circuit found that distinction insignificant as the plaintiff received financial benefit "during his short stint in bankruptcy." *Id.* The *Williams* court reasoned that the plaintiff received benefit simply by filing for Chapter 13 bankruptcy because the filing of his bankruptcy claim triggered an automatic stay under 11 U.S.C. § 362, which held off his creditors. *Id. See generally Burruss v. Cook Cnty. Sheriff's Office*, No. 08 CV 6621, 2013 U.S. Dist. LEXIS 98860, at *54-57 (N.D. Ill. July 15, 2013) (accepting the defendants' argument that the plaintiffs had received a benefit due to the automatic stay); *Davis v. Mitsubishi Motors of N. Am.*, No. 09-1255, 2011 U.S. Dist. LEXIS 100933, at *9 (C.D. Ill. Sept. 8, 2011) (finding the plaintiff had received

6

preliminary relief from the automatic stay). Significantly, the Seventh Circuit Court determined that although a plaintiff's debts may not have been discharged, "a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future." *Id.* Thus, Rodriguez's argument fails.

Plaintiff Rodriguez also contends that his failure to initially disclose his claim in this case and then to amend the schedules was due to attorney error and inadvertence. *Davis v. Mitsubishi Motors of North America*, No. 09-1255, 2011 U.S. Dist. LEXIS 100933, at *6-7 (C.D. Ill. Sept. 8, 2011), lends support for Defendants' position that Rodriguez's claim that his failure to disclose and amend his schedules was inadvertent is not compelling. In *Davis*, the court noted that the plaintiff failed to inform the bankruptcy court of his potential cause of action against his former employer. *Id.* at *8. Furthermore, the plaintiff neither amended his schedule nor reopened his case to disclose the potential asset even after he had learned of the potential consequences that could result from a failure to disclose his claim. *Id.* at *8-9. The court deemed the plaintiff's argument that his failure to disclose his potential claim was inadvertent insufficient to prevent judicial estoppel from being applied. Significantly, the court explained that "even if the nondisclosure was unintentional, the law is clear that it does not matter in the end, as it is well-established that the debtor's subjective intent does not matter." *Id.* at *9. The court found that judicial estoppel was proper as the plaintiff signed the original petition, knew his claim existed, and never amended his schedule. *Id.*

Other courts have similarly found the inadvertence argument to not be compelling. In *Williams*, the court did not find the plaintiff's argument that he inadvertently failed to disclose his case believable because his civil case was active and well into discovery at the time he filed for bankruptcy. *Williams*, 375 Fed. Appx. at 628. Moreover, the *Williams* plaintiff failed to disclose the potentially lucrative claim when he signed incomplete disclosure declarations under penalty of perjury. *Id. See also Burruss*, 2013 U.S. Dist. LEXIS 98860, at *58-59 (finding that the inadvertence

7

argument was not compelling as "[p]laintiffs testified that the injuries for which they seek a remedy in this case were extensive and profound; they were actively litigating this claim at the time of their filings; and they had sufficient motive to conceal the asset for their own gain"). Finally, "bad legal advice does not relieve the client of the consequences of her own acts as a client is bound by the actions of his attorney." *Davis*, 2011 U.S. Dist. LEXIS 100933, at *7 (citing *Cannon-Stokes*, 453 F.3d at 459). "A debtor has a duty to disclose assets and liabilities, including any potential causes of action that he may have against others even if all the facts or even the legal basis for the cause of action are not specifically known." *Davis*, 2011 U.S. Dist. LEXIS 100933, at *8. Accordingly, Rodriguez's argument that his failure to adequately disclose his claim was inadvertent and due to attorney error does not defeat judicial estoppel.

Here, Rodriguez had been litigating this case for more than five years at the time he filed his bankruptcy proceeding. In fact, he had already answered discovery and appeared for his deposition. Moreover, like the *Burruss* plaintiffs, Rodriguez claims severe emotional damage. As such, Plaintiff was well aware of his interest in this case at the time he filed for bankruptcy. The actions taken by him clearly demonstrate an attempt to conceal his interest in this case and their potential value.

The *Burruss* case provides further support for Defendants' position that Rodriguez's disclosure of his interest in this case at the creditors' meeting is inadequate. In *Burruss*, the court granted the defendants' motion for judicial estoppel as to five of the plaintiffs to the extent that they would benefit from the jury verdict themselves. *Id.* at *63. Those five plaintiffs had failed to mention their claims in their respective bankruptcy cases. *Id.* at *53. One of the plaintiffs had reopened his bankruptcy case in August of 2012, three days after he testified at the trial. *Id.* at *46, 53. The other four reopened their bankruptcy cases in February of 2013 in order to disclose their claims in the *Burruss* case. *Id.* at *53. It should be noted that only two of the plaintiffs had received a discharge. *Id.* at *54. In February of 2013, two of the plaintiffs moved to join the trustees as real parties in interest.

8

*Id.* at \*55. Those same two plaintiffs also declared that they had disclosed their interest at their respective creditors' meetings. *Id.* One other plaintiff declared that he had disclosed his interest at the creditors' meeting, whereas the remaining two plaintiffs did not contend that they had disclosed their claims at the creditors' meetings. *Id.* at \*56.

Significantly, the court agreed with the defendants that "even if those declarations [were] accurate, . . . informal verbal disclosures in Creditors' meetings are not adequate because bankruptcy schedules must be signed by the debtor under penalty of perjury." *See id.* (explaining that "[t]he fact that some of the Plaintiffs may have informally told their Trustees about their interests in this case does not change things"). Moreover, the court rejected the plaintiffs' arguments that their failure to disclose was inadvertent, finding that such an argument was not compelling. *Id.* at \*58. The *Burruss* court reasoned that the "[p]laintiffs testified that the injuries for which they seek a remedy in this case were extensive and profound they were actively litigating this claim at the time of their filings; and they had sufficient motive to conceal the asset for their own gain." *Id.* at \*58-59. Accordingly, the court granted the defendants' motion for judicial estoppel as to those five plaintiffs.

Plaintiff Rodriguez relies mainly on two cases as support for his argument that judicial estoppel is not applicable. However, both are distinguishable. First, Rodriguez contends that in *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014), "the Seventh Circuit itself retreated from the harsh application of *Cannon-Stokes*." (Resp. at 9). Rodriguez's interpretation of the *Spaine* ruling, however, is incorrect. In *Spaine*, the court found that judicial estoppel in that case was improper because the plaintiff had informed the trustee of her interest in the civil lawsuit. *Id.* at 547. The court found that the record showed incomplete schedules that were timely corrected through oral disclosure. *Id.* The *Spaine* court explained that "judicial estoppel [is] not applicable where debtor omitted claim from bankruptcy schedules but orally disclosed claim to trustee." *Id.* Moreover,

9

mistakes are not unheard of which is why the bankruptcy code allows amendments to the initial schedules. *Id.* at 548.

At first glance, it would appear that *Spaine* favors Rodriguez's position. However, there are two significant differences between Rodriguez and the *Spaine* plaintiff. First, the *Spaine* plaintiff contended that she orally disclosed the existence of the lawsuit, but that she was never informed that she needed to amend her schedules. *Spaine*, 756 F.3d at 545. Here, however, although Rodriguez orally disclosed his interest during the creditors' meeting, the trustee demanded <u>two times</u> that Rodriguez and his attorney amend the schedules. (Ex. B to Plaintiff Rodriguez's Statement of Additional Facts, at 7, 17). Plaintiff Rodriguez was therefore on notice that his oral disclosure to the trustee was inadequate. Therefore, while the *Spaine* plaintiff was never told to amend her schedules, the trustee involved in Rodriguez's bankruptcy case clearly and unequivocally ordered that his schedules be amended. Rodriguez, however, ignored the trustee's order, allowed his perjury to stand, and did not amend his schedules until November of 2014 - more than two and a half years after the creditors' meeting. Rodriguez did not attempt to amend his schedules until Defendants here raised the issue. Rodriguez's conduct evinces a clear intent to conceal this lawsuit as long as possible.

In addition to his refusal to amend his schedules, Plaintiff Rodriguez also misled the trustee by significantly undervaluing his potential interest in this case during the creditors' meeting. The trustee required that a dollar amount for the case be given at the creditors' meeting. Both Rodriguez and Mr. Cohen first attempted to skirt around the issue by saying that there was no dollar amount. Then, immediately after the trustee informed them that "if it's a hundred thousand dollar claim, then you're going to have to pay a lot more in the case. So it's going to affect how the case--," Mr. Cohen told the trustee that he would put a $15,000 figure on it. (Ex. B to Plaintiff Rodriguez's Statement of Additional Facts, at 7-8). Notably, Mr. Cohon's statement valuing Rodriguez's interest in this case at $15,000 was made in Rodriguez's presence and Rodriguez remained silent. Significantly, however,

10

Rodriguez is one of five Plaintiffs that jointly demanded $1.8 million to settle this case. *See Rojas v. Town of Cicero*, 775 F.3d 906, 908 (7th Cir. 2015) (finding that the fact that the plaintiff valued his claim for much less than what he asked the jury to award and what he demanded in settlement could provide the defense with a talking point at trial).

It is inconceivable that an attorney would never indicate to their client the potential recovery in a lawsuit. The only logical explanation for Rodriguez's silence on the dollar amount during the creditors' meeting is that he was intentionally concealing the true value of his interest in this case in an attempt to defraud the bankruptcy court and his creditors. Rodriguez's situation is therefore distinguishable from that of the *Spaine* plaintiff. Accordingly, the *Spaine* ruling does not preclude summary judgment as to Rodriguez's claims here.

*Swearnigen-el v. Cook County Sheriff's Department*, 456 F. Supp. 2d 986 (N.D. Ill. 2006), is also distinguishable from the instant matter. In *Swearnigen-el*, the court found that judicial estoppel was not proper as the defendants could not show that the plaintiff intended to deceive the bankruptcy court. *Swearnigen-el*, 456 F. Supp. 2d at 991. Significantly, however, the court went on to cite the portion of the *Cannon-Stokes* opinion in which the Seventh Circuit reasoned that "if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery." *Id.* (citing *Cannon-Stokes*, 453 F.3d at 448). The *Swearnigen-el* court differentiated the *Swearnigen-el* plaintiff from the plaintiff in *Cannon*-Stokes because the *Swearnigen-el* plaintiff reopened the bankruptcy case and pursued the suit for his creditors' benefit. *Id.*

Although the *Swearnigen-el* court declined to apply judicial estoppel, its reasoning supports Defendants' position that judicial estoppel is proper here. Similar to the *Cannon-Stokes* plaintiff, Plaintiff Rodriguez did not move to amend his schedules as soon as he learned that his interest in

this case needed to be included in the schedules, despite having promised the trustee that he would do so. Notably, although Rodriguez learned of this omission on April 26, 2012, he did not amend his schedules until November 12, 2014, more than two and a half years later and only being questioned about it by the Defendants here. This delay is inexcusable. Even more alarming is Rodriguez and Mr. Cohon's representation to the trustee that Rodriguez's potential interest in this case was only $15,000. (Ex. B to Plaintiff Rodriguez's Statement of Additional Facts, at 8). As noted above, however, Plaintiffs have demanded $1.8 million to settle this matter. Rodriguez's unequivocal knowledge that his schedules needed to be amended to include his interest in his case and his blatant failure to do until Defendants issued requests to admit regarding his bankruptcy case clearly distinguishes this case from *Swearnigen-el*. Rodriguez's actions are much more akin to those of the *Cannon-Stokes* plaintiff.

Finally, the fact that Rodriguez reopened his bankruptcy case to amend his schedules does not defeat summary judgment. *See generally Burruss*, 2013 U.S. Dist. LEXIS 98860 (granting motion for judicial estoppel even though plaintiffs had reopened their cases). Rodriguez's position seems to be that since he reopened his bankruptcy case in order to amend his schedules, he is not guilty of any wrongdoing. However, the steps taken by Rodriguez to reopen his bankruptcy case were too little too late. The fact that Rodriguez did not attempt to reopen his case until after Defendants had discovered the existence of his bankruptcy proceeding and issued requests to admit cannot be ignored. Allowing Rodriguez to proceed in the instant matter simply because he reopened his case and amended the schedules after Defendants issued requests to admit would incentivize debtors to not disclose an interest in a chose of action unless their adversary happens to discovery the bankruptcy case's existence. The temptation to defraud the court and creditors alike would be great.

The Seventh Circuit in *Williams* also held this concern. As set forth above, the *Williams* court held that "a debtor who receives even preliminary benefits from concealing a chose in action from

12

his creditors can still be estopped from pursuing the suit in the future." *Williams*, 375 Fed. Appx. at 627. Otherwise, the debtor "could take a wait-and-see approach to disclosure by prosecuting an undisclosed claim while waiting to see how favorably the bankruptcy proceeding unfolds before discharge." *Id.* at 628. Such a tactic undermines the integrity of the judicial system as well as bankruptcy's goal of unearthing all assets. *Id.* For all of the reasons stated in this section, this Court should find that judicial estoppel bars Rodriguez from pursuing his claims in this matter.

**III.     Sanctions Should Be Awarded**

Plaintiff Counsel Kurtz's argument that she was not obligated to disclose that Plaintiff Rodriguez had filed for bankruptcy because that issue was not included in Defendants' discovery requests is erroneous. In Request to Produce No. 21, Defendants request that Rodriguez produce "each and every document or other tangible item [he] contend[s] supports [his claim for lost wages and benefits plaintiff would have received but for the retaliation, including but not limited to bank pay, front pay, future pecuniary loss, and prejudgment interest." Accordingly, once Rodriguez filed his bankruptcy claim, his bankruptcy petition should have been produced.

Next, Interrogatory No. 25 asks whether Rodriguez has any statements, reports, memorandum or other documents from any witness and/or party. Similarly, Request to Produce No. 34 requests that Rodriguez identify and produce all statements or memoranda of interviews by any party. Rodriguez's bankruptcy disclosures constitute statements and should have been produced. Moreover, Rodriguez appeared at a creditors' meeting on April 26, 2012, during which he gave statements regarding his financial affairs and this case. Rodriguez's bankruptcy disclosures and statements were required to be produced pursuant to Rule 26(e)(1), which requires parties to supplement their responses or disclosures in a timely fashion if they learn that they are incomplete or incorrect. FED. R. CIV. P. 26(e)(1).

Significantly, Plaintiff Counsel Kurtz admitted in open court that she had knowledge of Rodriguez's failure to list this case in his bankruptcy schedules at or around the time of the fraudulent filings in the Bankruptcy Court. Therefore, Rodriguez's discovery responses should have been supplemented years ago. Moreover, this is not the first time that this issue has come into play in one of Plaintiff Counsel Kurtz's cases. In *Rojas v. Town of Cicero*, 775 F.3d 906, 908 (7th Cir. 2015), the Seventh Circuit took issue with Plaintiff Counsel's Kurtz's failure to disclose to defendants that plaintiff Rojas had filed for bankruptcy. The *Rojas* court noted that:

> the bankruptcy petition could have affected whether Rojas is a proper plaintiff. Perhaps the legal claim passed to the trustee in bankruptcy for the benefit of his creditors—and the fact that Rojas valued the suit on his schedule of assets at much less than he asked the jury to award (indeed, much less than he demanded in settlement) could have provided the defense with a talking point at the trial or retrial.

*Id. See also Burruss*, 2013 U.S. Dist. LEXIS 98860 (finding judicial estoppel proper as to five plaintiffs who had filed bankruptcy proceedings and who had either not disclosed their claim in the civil lawsuit or who had only orally disclosed it during the creditors' meeting); *Swearnigen-el v. Cook County Sheriff's Department*, 456 F. Supp. 2d 986 (N.D. Ill. 2006) (concerning another client of Plaintiff Counsel Kurtz's who failed to disclose his interest in the civil case to the bankruptcy court).

Rule 26(g)(3) mandates sanctions for violations of Rule 26 that were not substantially justified. Here, Plaintiff Counsel Kurtz and Rodriguez had absolutely no justification for their failure to timely supplement their discovery responses. Nor was Plaintiff Counsel Kurtz's lack of candor with the Court justified. The *Rojas'* Court's analysis, along with the fact that Plaintiff Counsel Kurtz knew of Rodriguez's bankruptcy filing and his failure to disclose his interest in this case, demonstrate a clear attempt to conceal Rodriguez's claims in this case from the bankruptcy court until they had no choice but to reopen the case and amend the schedules. Accordingly, Defendants respectfully request that Rodriguez has lost standing or should be deemed to be barred from his

claim by way of equitable estoppel. Alternatively, this Court should sanction this fraud on the Court and Defendants by dismissing Plaintiff Rodriguez's claim as a sanction.

WHEREFORE, Defendants, COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his individual capacity as Sheriff of Cook County, Illinois, CAROL KAUFMANN, representative of the Estate of TIMOTHY KAUFMANN, deceased, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, and THOMAS SNOOKS, in his individual capacity jointly pray that this Court enter an order granting each of them summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, with prejudice, or alternatively that this Court dismiss Plaintiff Rodriguez's claims in this matter as a sanction under Fed. R. Civ. P. 26 and 37, or for such other relief the Court deems appropriate.

Respectfully submitted,

Defendants, COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his individual capacity as Sheriff of Cook County, Illinois, CAROL KAUFMANN, representative of the Estate of TIMOTHY KAUFMANN, deceased, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDREWS, in his individual capacity, and THOMAS SNOOKS, in his individual capacity

By: /s/ Terrence F. Guolee
      One of their attorneys.

Terrence Guolee
Larry S. Kowalczyk
QUERREY & HARROW, LTD.
175 W. Jackson Blvd., Suite 1600
Chicago, Illinois 60604
Phone: (312) 725-0889

Document #: 1735595