| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY, AND RICHARD DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his official capacity, CAROL KAUFMAN, as representative of the estate of TIMOTHY KAUFMANN, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDRES, in his individual capacity, THOMAS SNOOKS, IN HIS INDIVIDUAL CAPACITY, THE COUNTY OF COOK, <br><br> Defendants. | No. 07 C 855 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Six correctional officers with the Cook County Sheriff's Office, Department of Corrections, allege that certain officials in the Cook County Sheriff's Office violated their rights under the First Amendment and state law. R. 55. Plaintiffs allege that Defendants conspired to discriminate and retaliate against them for their support of a certain candidate in the election for sheriff by investigating and disciplining them in connection with an escape from the Cook County Jail. *Id.* Defendants have moved for summary judgment as to plaintiff Roberto Rodriguez's claims pursuant to

Federal Rule of Civil Procedure 56, arguing that Rodriguez failed to disclose this action in a Chapter 13 bankruptcy proceeding such that he (1) lacks standing to bring this action, and (2) should be judicially estopped from bringing this action. R. 482. In the alternative, Defendants have moved to dismiss Rodriguez's claims as a sanction for failure to disclose the bankruptcy filing documents in discovery in this case pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(c). *Id.* For the following reasons, Defendants' motion is denied.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Background

### I. Rodriguez Files a Bankruptcy Petition in 2012

Rodriguez and his co-plaintiffs filed this case on February 13, 2007. *See* R. 1; R. 493 ¶ 1. More than five years later, on March 9, 2012, Rodriguez, represented by Morton H. Cohen, filed a Chapter 13 bankruptcy petition. R. 493 ¶ 3; R. 483-2. Rodriguez's Statement of Financial Affairs, which he signed on March 21, 2012 and filed two days later, required Rodriguez to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of [the] bankruptcy case." R. 493 ¶ 6. Cohen advised Rodriguez that he did not have to include this case "as an asset because it was uncertain and speculative in nature." R. 494-2 at 35 (¶ 3); *see also* R. 494-2 at 26 (¶ 2). Rodriguez failed to list this lawsuit in that statement. R. 493 ¶ 7.

Thirty-six days later, however, on April 26, 2012, Rodriguez and Cohen disclosed to the trustee's representative that Rodriguez was a plaintiff in this case. R. 502 ¶¶ 2-3; R. 494-2 at 26 (¶ 3). Cohen estimated the value of Rodriguez's claims at $15,000. R. 494-2 at 11-12 (7:11–8:8). Cohen also acknowledged that this case was not listed on Rodriguez's schedule of assets and stated that he was going to amend the schedule that same day. R. 502 ¶ 4. Cohen told Rodriguez that he had amended the schedules, even though he had not done so. R. 494-2 at 35 (¶ 5); *see also id.* at 26 (¶¶ 4-5). Cohen states that he "did not amend the schedules because Mr. Rodriguez's restructuring plan was rejected and the bankruptcy petition was

dismissed, and [Cohen] did not believe that it was necessary to amend the schedules following the dismissal." *Id.* at 35 (¶ 5).

The trustee rejected Rodriguez's reorganization plan on June 13, 2012, *see* R. 502 ¶ 10, and dismissed his petition on September 5, 2012 for unreasonable delay in filing the required documents. *Id.* ¶¶ 11-12. Rodriguez never received any discharge related to the bankruptcy. *Id.* ¶ 13.

## II. Defendants' Discovery Requests in this Case

Defendants did not attach to this summary judgment motion any of the discovery requests that they made in this case prior to 2014. Nor did Defendants reference any such discovery requests in their opening brief. Instead, Defendants state in their reply brief that they made the following discovery requests:

> In Request to Produce No. 21, Defendants request that Rodriguez produce "each and every document or other tangible item [he] contend[s] supports [his] claim for lost wages and benefits plaintiff would have received but for the retaliation, including but not limited to ba[c]k pay, front pay, future pecuniary loss, and prejudgment interest." . . .
> Next, Interrogatory No. 25 asks whether Rodriguez has any statements, reports, memorandum or other documents from any witness and/or party. Similarly, Request to Product No. 34 requests that Rodriguez identify and produce all statements or memoranda or interviews by any party.

R. 503 at 13. Rodriguez served Defendants with his answers to their interrogatories and requests to produce on September 19, 2007. R. 502 ¶ 1. Then, on April 30, 2008, Defendants deposed Rodriguez in this case, but did not ask him about prior or pending suits or administrative proceedings. *See* R. 401-6.

4

On September 30, 2014, Defendants served Rodriguez with requests to admit regarding the 2012 bankruptcy petition. R. 493 ¶ 8. Rodriguez moved to strike the request and alternatively sought an extension of time to respond. *Id.* ¶ 9. At a hearing on Rodriguez's motion on November 12, 2014, Rodriguez's counsel, Dana Kurtz, admitted that she had been aware of Rodriguez's bankruptcy petition in 2012 and had corresponded with Cohen regarding the need to amend the schedules to include this case. *Id.* Kurtz also stated that Cohen told her he would amend the schedules. *Id.*

On December 4, 2014, Kurtz served Defendants with Rodriguez's answers to Defendants' requests to admit. *Id.* ¶ 13. In his response, Rodriguez admitted that the referenced bankruptcy filing was signed by and belonged to him. *Id.*

### III. Rodriguez Reopens his Bankruptcy Case in 2014

On November 7, 2014, Rodriguez filed a motion to reopen his bankruptcy case. *Id.* ¶ 10. On November 12, 2014, Rodriguez filed an amended schedule of assets and Statement of Financial Affairs, which listed this case as an asset. R. 502 ¶ 14. Rodriguez's new bankruptcy attorney also notified creditors Terrence Guolee and Larry S. Kowlczyk of Querrey and Harrow, Ltd. of the motion. *Id.* ¶ 15. None of the creditors appeared at the hearing on the motion to object to the case being reopened. *Id.* ¶ 16; R. 493 ¶ 11. On December 3, 2014, Rodriguez filed a motion in the bankruptcy case seeking leave to pursue his claims in this case. R. 502 ¶ 17. On December 10, 2014, the bankruptcy court ordered Rodriguez's Chapter 13 trustee to abandon those claims, and the bankruptcy case was again closed. *Id.* ¶ 18.

## Analysis

### I. Standing and Judicial Estoppel

Defendants argue that because Rodriguez failed to disclose this case in his Statement of Financial Affairs, and subsequently failed to amend that document until Defendants raised the issue more than two years later, Rodriguez "does not have standing to prosecute this claim and should be deemed to be estopped from seeking recovery in this matter." R. 482 at 5. Defendants do not dispute that Rodriguez orally disclosed his claims in this case to the bankruptcy trustee 36 days after he filed his petition. Thus, Defendants arguments that Rodriguez lacks standing and should be judicially estopped from bringing his claims in this case both raise the question of whether Rodriguez's oral disclosure was sufficient notice to the trustee.

#### A. Standing

With respect to the standing issue, Defendants concede that "a Chapter 13 debtor retains possession of the property of the estate . . . and retains authority to commence and prosecute any action or proceeding [on] behalf of the estate before any tribunal." R. 503 at 2. The Seventh Circuit has held that the debtor must disclose any legal claims the debtor has in order to have standing to bring those claims on behalf of his bankruptcy estate.[1] *See Becker v. Verizon N., Inc.*, 2007 WL

---

[1] Defendants do not contend that Rodriguez lacks constitutional standing. Rather, Defendants argue that Rodriguez is not the real party in interest, "meaning the person who possesses the right sought to be enforced." *Hernandez v. Forest Preserve Dist. of Cook Cnty.*, 2010 WL 1292499, at *3 n.4 (N.D. Ill. Mar. 29, 2010) (cited with approval by *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 546 (7th Cir. 2014)).

1224039, at *1 (7th Cir. Apr. 25, 2007) (holding that plaintiff lacked standing to bring an action she failed to disclose in Chapter 13 bankruptcy); *cf. Rainey v. United Parcel Serv., Inc.*, 466 Fed. App'x 542, 544 (7th Cir. 2012) ("[A]s long as the bankruptcy proceedings are ongoing . . . a Chapter 13 debtor can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, the debtor may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval."). Defendants contend that Rodriguez's oral notice is insufficient to establish that he was bringing this case on behalf of his bankruptcy estate during the pendency of his bankruptcy proceedings. Defendants, however, do not explain how Rodriguez's oral disclosure is insufficient, nor cite any authority supporting this argument.

Furthermore, contrary to Defendants' argument, the Seventh Circuit has held that a debtor's oral disclosure of assets is sufficient to maintain the debtor's right to bring an action on behalf of the estate. *See Spaine*, 756 F.3d at 546. *Spaine* concerned a debtor who filed under Chapter 7, which, unlike Chapter 13, only permits debtors to pursue actions the trustee has abandoned. Nevertheless, the question in *Spaine* was the same as is presented here: did the debtor disclose the legal claim sufficiently to give the trustee and creditors notice of that claim. *Id.* ("the trustee undoubtedly *knew* about the civil case") (emphasis added). The

---

"The real party in interest doctrine essentially is a prudential limitation on a plaintiff's ability to invoke federal jurisdiction, which is imposed by Rule 17 of the Federal Rules of Civil Procedure." *Id.*

Seventh Circuit held that oral disclosure was sufficient in *Spaine*. The Court sees no reason why its conclusion should be different here.

Rather than explain why Rodriguez's oral disclosure was insufficient, Defendants argue that Rodriguez's valuation of this case before the bankruptcy trustee was misleading. Defendants' contention that Rodriguez undervalued this case is based on a settlement demand from Plaintiffs that was significantly higher than the value Rodriguez gave his claims during his bankruptcy proceedings. *See* R. 503 at 3. Defendants, however, waited until their reply brief to make this argument, so they have waived it. *See Billhartz v. C.I.R.*, 794 F.3d 794, 801 n.4 (7th Cir. 2015) ("it is well-settled that arguments first made in the reply brief are waived"). Furthermore, Defendants have not presented any evidence of this settlement demand, and do not reference it in their Statement of Material Facts pursuant to Local Rule 56.1. For these reasons, the Court will not consider Defendants' argument that Rodriguez's failure to accurately value this claim during his bankruptcy proceedings constitutes a failure to disclose the claim depriving him of standing in this case.[2]

Defendants also argue that Rodriguez's failure to amend his bankruptcy schedules to include his claims in this case until Defendants raised the issue more than two years after Rodriguez's bankruptcy petition was dismissed shows that

---

[2] In any event, the "value" of an unresolved claim, where Defendants deny all liability, is difficult if not impossible to ascertain by any reliable measure. A plaintiff's settlement demand, even if properly before the court, is a poor proxy for actual value given the numerous strategic factors that a plaintiff's lawyer considers when making such a demand.

8

Rodriguez was attempting to hide this case from the trustee and his creditors. *See* R. 503 at 3-4. The Court cannot see how this is so as long as Rodriguez's oral disclosure was sufficient to put the trustee on notice of Rodriguez's claims in this case (which it was). Rodriguez concedes that he failed to heed the trustee's instruction to amend his bankruptcy filings to include this case in the four months before Rodriguez's petition was dismissed. But Rodriguez's petition was dismissed without a discharge because he failed to file the required documents. At that point Rodriguez's claims in this case reverted to him personally, and he received no creditor relief through the bankruptcy laws. Amending the schedules would not have changed this calculus. Moreover, Rodriguez's attorney incorrectly told Rodriguez that he had amended the schedules as instructed. Although "bad legal advice does not relieve the client of the consequences of [his] own acts," *Cannon-Stokes v Potter*, 453 F.3d 446, 449 (7th Cir. 2006), here Rodriguez was actually misled—perhaps unintentionally—by his attorney. These circumstances do not evince intent on Rodriguez's part to deceive the bankruptcy trustee. The Court finds that Rodriguez has standing to bring his claims in this case.

### B. Judicial Estoppel

The Seventh Circuit has also held that a debtor may be judicially estopped from bringing a claim if the debtor "manipulat[es] the judicial system" by "deliberately conceal[ing] a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts." *Spaine*, 756 F.3d at 547. Whether to apply judicial estoppel

9

is within a district court's discretion. *See Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013).

In *Spaine*, the Seventh Circuit overturned the district court's grant of summary judgment on judicial estoppel grounds because the debtor's oral disclosure raised an issue of material fact regarding whether the debtor "intentionally concealed her claim." 756 F.3d at 548; *see also id.* ("But on summary judgment, [the defendant] made no effort to establish that [the debtor] had filed incomplete schedules with the subjective intent to conceal her lawsuit."). The Court's discussion of the circumstances of the case with respect to Rodriguez's standing also serves to show that there are questions of material fact with respect to Rodriguez's intent for purposes of judicial estoppel. Thus, the Court will not dismiss Rodriguez's claims on that basis either.[3]

## II. Discovery Sanctions

Defendants also argue that Rodriguez's claims should be dismissed as a sanction for failing to produce documents related to Rodriguez's bankruptcy filings

---

[3] Defendants cite two Seventh Circuit decisions in which the court affirmed dismissal of plaintiffs' claims on judicial estoppel grounds for failing to disclose their claims in bankruptcy proceedings even though they eventually amended their bankruptcy schedules to include the claims. *See Williams v. Hainje*, 375 Fed. App'x 625 (7th Cir. 2010); *Cannon-Stokes*, 453 F.3d 446. Neither of those plaintiffs, however, orally disclosed their claims in a timely fashion as was the case in *Spaine*, and as is the case here with Rodriguez. To the extent that the district court in *Burruss v. Cook County Sheriff's Office*, 2013 WL 3754006, at *15-18 (N.D. Ill. July 15, 2013), found that a timely oral disclosure was insufficient to demonstrate that the plaintiffs in that case did not intend to conceal their claims from the trustee, that decision was issued after a trial and prior to the Seventh Circuit's decision in *Spaine*, so the Court will not follow *Burruss's* reasoning.

when they were initially filed. R. 482 at 10-12. Federal Rule of Civil Procedure 26(e)(1) provides that:

> [a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Further, under Rule 26(g)(1)(A), by signing a discovery response an attorney "certifies that to the best of the person's knowledge information, and belief formed after a reasonable inquiry: with respect to a disclosure, it is complete and correct as of the time it is made." "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was action, or both." Fed. R. Civ. P. 26(g)(3). "A district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes," and such decisions are within a district court's discretion. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). If a district court finds that a party has violated Rule 26, "Rule 26(g)(3) gives the judge discretion over the nature of the sanction but not whether to impose one." *Rojas v. Town of Cicero*, 775 F.3d 906, 909 (7th Cir. 2015).[4]

As an initial matter, Defendants failed to identify any discovery requests in their opening brief to which Rodriguez failed to adequately respond. Although

---

[4] Defendants did not make any argument based on Rule 37, so the Court will not address it.

Defendants identify certain discovery requests in their reply, "it is well-settled that arguments first made in the reply brief are waived." *Billhartz*, 794 F.3d at 801 n.4. Moreover, even on reply, Defendants merely quoted single sentences from their discovery requests and did not attach the actual discovery request documents to their brief. Thus, the Court considers Defendants to have waived this argument.

Even if Defendants had raised the relevant discovery requests in their opening brief, the Court would not find that Rodriguez or his attorney violated Rule 26. Defendants identify the following discovery requests:

> In Request to Produce No. 21, Defendants request that Rodriguez produce "each and every document or other tangible item [he] contend[s] supports [his] claim for lost wages and benefits plaintiff would have received but for the retaliation, including but not limited to ba[c]k pay, front pay, future pecuniary loss, and prejudgment interest." . . .
> Next, Interrogatory No. 25 asks whether Rodriguez has any statements, reports, memorandum or other documents from any witness and/or party. Similarly, Request to Product No. 34 requests that Rodriguez identify and produce all statements or memoranda or interviews by any party.

R. 503 at 13. None of these requests required disclosure of Rodriguez's bankruptcy proceedings. Defendants do not explain how Rodriguez's bankruptcy filings are relevant to his "claim for lost wages and benefits" as described in "Request to Produce No. 21." With respect to "Interrogatory No. 25" and "Request to Produce No. 34," Defendants contend that "Rodriguez's bankruptcy disclosures constituted statements and should have been produced." R. 503 at 13. But the quoted discovery requests are overly broad in that they do not describe what "statements"

Defendants sought.[5] If Defendants sought to capture bankruptcy filings, they could have simply asked for them expressly, or included "lawsuits," "court filings," or "publicly filed documents," or another similarly more precise description, in the list of documents they sought. Thus, even if Defendants' argument for discovery sanctions was properly before the Court (which it is not), the Court would not find that Rodriguez's failure to produce documents from his bankruptcy proceeding in response to Defendants' discovery requests constituted a Rule 26 violation.

**Conclusion**

For the foregoing reasons, Defendants' motion, R. 482, is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 10, 2015

---

[5] Defendants do not argue that "statements" was a defined term in their discovery requests.

13