UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY, AND RICHARD DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE, MICHAEL F. SHEAHAN, in his official capacity, CAROL KAUFMAN, as representative of the estate of TIMOTHY KAUFMANN, in his individual capacity, SCOTT KURTOVICH, in his individual capacity, DENNIS ANDRES, in his individual capacity, THOMAS SNOOKS, IN HIS INDIVIDUAL CAPACITY, THE COUNTY OF COOK,<br><br>Defendants. | No. 07 C 855<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Six correctional officers with the Cook County Sheriff's Office, Department of Corrections, allege that certain officials in the Cook County Sheriff's Office violated their rights under the First Amendment and state law. R. 55. As the Court discussed in greater detail in an opinion and order denying Defendants' motion for summary judgment on the substance of Plaintiffs' claims, *see* R. 445 (*Hernandez v. Cook Cnty. Sheriff's Office*, 2014 WL 3805734 (N.D. Ill. July 31, 2014)), Plaintiffs allege that Defendants conspired to discriminate and retaliate against them for

their support of a certain candidate in the election for sheriff by investigating and disciplining them in connection with an escape from the Cook County Jail. *See* R. 55. Defendants have moved for summary judgment as to plaintiff Marvin Bailey pursuant to Federal Rule of Civil Procedure 56, arguing that Bailey is precluded from bringing his claims in this action under both res judicata and collateral estoppel. R. 485. For the following reasons, Defendants' motion is denied.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Background**

Bailey and his co-plaintiffs filed this case on February 13, 2007. *See* R. 1; R. 497 ¶ 1. A little more than six months later, on August 1, 2007, the Sheriff's Office

filed a complaint against Bailey with the Cook County Sheriff's Merit Board regarding his conduct during the escape. R. 497 ¶ 9.

On February 5, 2009, the Merit Board held that Bailey violated Sheriff's Office regulations when he "deserted his assigned post" to "go to his car and drive to a Walgreen's . . . . to get an energy drink," and that these actions were "a contributing cause that [led] to the escape of six inmates." R. 498-2 at 27, 29. The Merit Board ordered that Bailey be "separated from his employment." *Id.* at 30.

Bailey then appealed the Merit Board's decision to the Circuit Court of Cook County on March, 9, 2009. R. 497 ¶ 10. The Circuit Court affirmed the Merit Board's decision on September 23, 2010. R. 486-2. Bailey appealed the Circuit Court's decision to the Appellate Court, which affirmed on January 17, 2012. R. 497 ¶ 11; R. 486-3.

Defendants filed this motion on March 25, 2015. R. 485. Defendants argue that Bailey is precluded by the Appellate Court's decision from bringing this action under the doctrines of res judicata and collateral estoppel.

Bailey contends that should not be precluded from bring this action because the Merit Board prevented him from presenting evidence that the Defendants had a retaliatory motive for investigating his conduct and terminating his employment. In support of this argument Bailey cites the proceedings from his Merit Board hearing. The Merit Board held a three-day hearing concluding on September 11, 2008. R. 498-2 at 28. In addition to the witnesses who gave live testimony at the hearing, "the transcript from the Richard Davis trial was stipulated and admitted into

evidence and . . . all witness testimony exhibits [from that trial] were used for the same purposes in the Marvin Bailey trial." *Id.* Richard Davis is one of Bailey's co-plaintiffs who also faced a Merit Board inquiry in connection with the jail break. The Richard Davis transcript includes the following exchange:

> MS. KURTZ [Plaintiffs' counsel]: With respect to comparative evidence, certainly—and we have one witness we intend to call that will confirm as a white officer—and if they're allowed to call Dennis Andrews, that Dennis Andrews allowed this officer to violate the general orders much more egregiously than Officer Davis, and, in fact, called Chief Kaufmann and told Chief Kaufmann not to do anything about it and not to investigate him, to sweep it under the rug. The fact that there is disparity between a white officer by Dennis Andrews and this officer who is African-American is absolutely relevant and that testimony should be allowed.
>
> THE COMMISSIONER: Well, I'm going to bar that particular testimony. It doesn't have any effect on him as of yet. That can be taken up in another hearing, another trial against the Sheriff on the federal matter for whatever you'd like to charge, but that does not relate to the charges of whether he left or not.
>
> MS. KURTZ: It—it—and respectfully it does relate in terms of the Merit Board's decision to—as to what level of discipline in comparison to how other officers are disciplined. I mean, it might—the Merit Board is deciding whether or not Officer Davis is going to be terminated or what level of discipline, if any, he will be subjected to. So—
>
> THE COMMISSIONER: But that—but I don't need a witness falling at my judgment [sic] on this particular case, all right. I am as concerned about disproportionately [sic] as anyone, but his trial and this—these charges are the only things I'm looking at, all right.
> And we at the Merit Board will take a look at all the other charges and attempt to be as evenhanded as possible. That is what we do. That is why there are nine

of us, and the nine of us are the ones who look at all the recommendations from any trial and then we sort it through and we make sure that we look at "Remember this, remember that."

So in this particular case the only thing I'm going to listen to is the specific evidence concerning Mr. Davis and not concerning other Sheriff matters that can be handled in another court of law.

MS. KOCHANKOVSKA [Sheriff's counsel]: Our final point, we would be seeking to bar the respondent from introducing testimony or other evidence pertaining to the charges against other Cook County Sheriff's Office employees stemming from this escape and the subsequent investigation of the charges against those individuals, the investigation of their conduct, and the outcome of that investigation. We feel that that's also irrelevant to the allegations against respondent in this case.

MS. KURTZ: As to this escape, there were officers—the escape happened on February 12, 2006. Officer Davis at the time of the escape was in the command post—the SORT command post, and there's—I assume there will be some testimony in terms of the structure of how that works.

In order to get out of ABO, officers posted at Post 3 and Post 78 would have to actually open the door, unlock the door. That did that. They—actually the inmates would not have escaped had they not opened that door.

The fact that those officers were not disciplined, they were not investigated criminally, they were not investigated administratively, they were not disciplined at all, I believe is relevant to the charges that they're claiming that Officer Davis was negligent, when they never charged—the Sheriff never charged those officers in Post 3 or Post 78 or the lieutenant who ran back in his office when these inmates had—once the door was opened by the officer at Post 3, that that allowed the escape to occur.

THE COMMISSIONER: I will permit the evidence into trial as to how the inmates escaped, but not whether or not the other officers down the line were charge, investigated or whatever, all right. But I will allow the

> evidence that says based on Mr. Davis's negligence how these inmates escaped and how it relates back to him, I will—I will allow that evidence.

R. 498-2 at 43-44 (24:1–27:16).

## Analysis

### I. Waiver

Bailey argues that Defendants' motion should be denied because they waived res judicata and collateral estoppel as affirmative defenses by not raising them in their responsive pleadings as is required by Federal Rule of Civil Procedure 8(c) ("[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense," including "res judicata" and "estoppel"). *See also Marcus v. Sullivan*, 926 F.2d 604, 615 (7th Cir. 1991) ("[r]es judicata is an affirmative defense which, unless raised by the defendant in his answer, is considered waived."). "This is not, however, the bright-line rule that [Bailey] argues it should be." *See Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 850 (N.D. Ill. 2006) (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) ("In the real world . . . failure to plead an affirmative defense will rarely result in waiver.")). Recently, the Seventh Circuit reiterated that "[s]everal of [its] decisions hold that a district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay." *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015) (citing cases); *see also Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) ("a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a

result."). The court explained further that "the expense of conducting a suit does not count as prejudice." *Global Tech.*, 789 F.3d at 732. Rather, "what [is] mean[t] by 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits— if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." *Id.*

Certainly, the Defendants could have raised res judicata and collateral estoppel in 2012 when the Illinois Appellate Court issued its decision, if not earlier. Defendants' contention that they did not know about the Merit Board's decision or either of the subsequent decisions on appeal is implausible and somewhat disappointing. The Sheriff's Office was a party to those decisions and is a defendant here. Additionally, defense counsel's law firm participated in the Merit Board proceedings and those proceedings have been referenced in discovery in this case. Nor has there been any lack of opportunities for Defendants to raise these defenses as Defendants have filed numerous motions and pleadings over the past two years.

Nevertheless, despite this significant delay Defendants could have easily avoided, Bailey was also aware of the Merit Board's decision and its affirmance on appeal and the possibility that those decisions could be used against him in this case. *Cf. Global Tech.*, 789 F.3d at 733 ("it takes chutzpah for [the plaintiff] to blame [the defendant]. Had [the plaintiff's] lawyers done better legal research before suing . . . they would have recognized that the [affirmative defense in

7

question] makes recovery impossible"). Bailey has not argued that he has suffered any cognizable prejudice from Defendants' delay.

Late assertion of an affirmative defense is akin to a motion for leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2), which provides "that judges may allow pleadings to be amended and 'should freely give leave when justice so requires.'" *See Global Tech.*, 789 F.3d at 732. In *Global Tech.*, the Seventh Circuit explained that it is "unnecessary for the judiciary to be stingy with extensions of the Rule 8(c) deadline, or with amendments under Rule 15(a)(2), since *both* plaintiffs and defendants want to recognize and raise affirmative defenses as soon as possible, in order to cut their own legal bills." 789 F.3d at 733 (emphasis in original). Here, it would be unjust for Bailey's claims to proceed if they, or the issues upon which they are based, have already been decided by a competent court. Thus, the Court will proceed to analyze the substance of Defendants' motion.

## II. Res Judicata

For a final decision to preclude a subsequent action under res judicata there must be "an identity of cause of action," including "all questions actually decided in [the] previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997) (citing *La Salle Nat'l Bank v. Cnty. Bd. of Sch. Trustees*, 337 N.E.2d 19, 22 (1975)). "For . . . identity of a cause of action . . . Illinois courts employ a transactional test, which provides that assertion of different kinds of

8

theories of relief still constitutes a single cause of action is a single group of operative facts give rise to the assertion of relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (internal citation and quotation marks omitted).

Examining the operative facts of the Merit Board action and Bailey's action here, there is no question that there is an identity of cause of action. In *Hayes*, the court held that a police officer "could have rebutted the Police Board's discharge order with evidence that he was unlawfully terminated based on his race." 670 F.3d at 814. So could have Bailey rebutted the Sheriff's allegations before the Merit Board with evidence that disciplinary proceedings were instituted against him in retaliation for his political activities, not because his conduct was truly worthy of punishment. As in *Hayes*, "[t]he similarity of the underlying conduct would have undoubtedly created a convenient trial unit and preserved . . . judicial resources." *Id.*

However, "[u]nder a generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 (7th Cir. 2002); *see also Hayes*, 670 F.3d at 815 ("The Illinois Supreme Court outlined . . . scenarios where the application of res judicata would be inequitable [including when] . . . the court in the first action expressly reserved the plaintiff's right to maintain the second action . . . ."). Bailey argues that this exception is applicable here.

9

Bailey contends that he "could not have litigated the issues of Defendants' political motivation or intention to cause Bailey emotional distress at the Merit Board because the Hearing Officer prohibited Bailey from discovering or introducing any evidence or witnesses on these issues." R. 496 at 10. Bailey also notes that "the Sheriff . . . sought to bar this evidence from discovery and trial, contending that it was irrelevant." *Id.* In support of this argument Bailey cites the colloquy the Court quoted above. In that exchange, the Merit Board hearing officer never expressly references First Amendment retaliation claims. But it is clear that the hearing officer is aware of this case (it had been filed first) and that the hearing officer assumed that the evidence Bailey's counsel sought to have admitted before the Merit Board "can be taken up in another hearing, another trial against the Sheriff on the federal matter." R. 498-2 at 43 (24:16-18). Bailey's counsel alluded to the retaliation claims in this case when she argued that other "officers were not disciplined, they were not investigated criminally, they were not investigated administratively, they were not disciplined at all, I believe is relevant to the charge that they're claiming that Officer [Bailey] was negligent." *Id.* at 44 (26:22–27:3). The hearing officer responded, "I will permit the evidence into trial as to how the inmates escaped, but not whether or not the other officers down the line were charge, investigated or whatever, all right." *Id.* (27:9-13).

The retaliation claims Bailey and his co-plaintiffs have brought in this case require examination of evidence regarding the motivation for the investigation into their conduct. In the Court's earlier opinion and order denying Defendants' motion

for summary judgment, the Court noted that, "according to Michno and Bailey, [Defendant] Andrews told them that the investigation was politically motivated several days *after* [Darin] Gater's confession. Since Andrews stated that the investigation was politically motivated after Gater confessed, Andrews's statement is evidence that Defendants themselves did not put much stock in Gater's confession and that Defendants' true motivation was discriminatory and retaliatory." R. 445 at 11 (*Hernandez*, 2014 WL 3805734, at *5).[1] The Merit Board refused to hear this kind of evidence, and expressly stated that such evidence "can be taken up in another hearing, another trial against the Sheriff on the federal matter." R. 498-2 at 43 (24:16-18). The Merit Board reached its decision without considering the evidence this Court held was central to whether Defendants are liable for violating Plaintiffs' First Amendment rights. And the Merit Board expected that this Court would address that evidence. Under these circumstances it would inequitable to bar Bailey from bringing his claims in this case for reasons of res judicata.

### III. Collateral Estoppel

Collateral estoppel requires that "the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding." *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). Defendants argue that the "essence of [the Merit Board's decision] was the basis for the investigation and eventual termination of Plaintiff Bailey's employment as a correctional officer." R. 485 at 13. But as noted, the Merit Board expressly avoided the question of whether

---

[1] Gater is another correctional officer who was criminally charged in connection with the jail break. *See* R. 445 at 3 (*Hernandez*, 2014 WL 3805734, at *2).

11

the investigation into Bailey's conduct was motivated by retaliatory intent. That the Merit Board found that Bailey's termination was in accordance with Sheriff's Office regulations is not the same issue as whether the Sheriff's Office was applying those regulations in a discriminatory manner. That is the issue the Merit Board reserved for this Court, so Bailey will not be precluded from litigating it here.

## Conclusion

For the foregoing reasons, Defendants' motion, R. 485, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 16, 2015