UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ, ROBERTO RODRIGUEZ, BILL JONES, GENE MICHNO, MARVIN BAILEY, and RICHARD DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | No. 07 C 855<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION & ORDER**

After a bench trial that proceeded from August 1 to 19, 2016, the Court found for Defendant in an order dated September 25, 2017. R. 652 (*Hernandez v. Cook County Sheriff's Office*, 2017 WL 4535982 (N.D. Ill. Sept. 25, 2017)). As the prevailing party, Defendant now seeks costs pursuant to Federal Rule of Civil Procedure 54(d). R. 654. For the following reasons, the Court awards $36,528.23 in costs to Defendant.

**Legal Standard**

"There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Seventh Circuit has held that a prevailing party need not make a "document-by-document demonstration of necessity" to support its bill of costs. *Nat. Org. of Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014). Rather, 28 U.S.C. § 1920 "requir[es] no more than that the transcripts or copies be reasonably and

prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Id.* at 699. "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.*

## Analysis

### 1. Preliminary Issues

There is no dispute that Defendant actually incurred all the costs it seeks. To the extent Plaintiffs have identified any duplicative costs or costs already reimbursed, Defendant has subtracted those costs from the award its seeks.

Citing authority from outside this circuit, Plaintiffs argue that they should be relieved of the obligation to pay costs because the case involved close and difficult issues. *See* R. 686 at 1. But the Seventh Circuit has rejected such reasoning. *See Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982) ("That plaintiff's case was reasonable or even close is plainly not enough in itself [to avoid payment of costs]."); *see also Srail v. Village of Lisle*, 2008 WL 5272459, at *2 (N.D. Ill. Dec. 15, 2008). Therefore, the Court will not relieve Plaintiffs of the obligation to pay costs in this case.

Plaintiffs also appear to argue that they should be relieved of costs due to alleged misconduct by Defendant's counsel. In a footnote, Plaintiffs' obliquely refer to

an email their counsel sent to Defendant's counsel "raising these Rule 11 issues and the improperly sought costs." R. 686 at 1 n.1. But Plaintiffs make no specific allegation of misconduct, and the Court does not perceive there to be any. To the extent there were some errors in Defendant's cost application, these errors do not come close to rising to the level of sanctionable conduct. Plaintiffs' counsel should not so casually cast Rule 11 aspersions.

### 2. Deposition Costs

Plaintiffs contend Defendant seeks "costs not chargeable such as rough ASCII, exhibit copies, etc." R. 686 at 7. But Defendant only sought $14.10 in such costs, which it has now disclaimed. R. 688 at 5.

Plaintiffs complain about the costs of expediting the Michno deposition transcript. R. 686 at 8. But Plaintiffs have not demonstrated that the cost was unnecessary or unreasonable. And as Defendant points out, at the time of the deposition, dispositive motions were due 21 days later, making expedited production appropriate. R. 688 at 6.

Plaintiffs also challenge the cost of court reporter transcriptions of video depositions when Plaintiffs had already paid for a videographer. R. 686 at 7-9. But the videographer was Plaintiffs' counsel's spouse, so clearly an independent court reporter or transcription was called for. R. 688 at 6.

### 3. Court Hearing Transcript Costs

Plaintiffs next argue that Defendant seeks the costs of transcripts for hearings that never happened, based on the fact that certain check payments to the court

3

reporter are dated when no hearings took place. R. 686 at 4. But Plaintiffs mistake the dates of payment on the checks for the dates of the hearings. R. 688 at 8. It is of course unsurprising that check payments would be dated after the date of the hearing itself.

Plaintiffs argue that Defendant is not entitled to costs for transcripts from April 24, 2008 and May 29, 2008 concerning Plaintiffs' motion to compel and for sanctions. R. 686 at 10. Defendant does not address this argument, so the Court will subtract the $121.00 cost of these transcripts from Defendant's award. R. 654 at 4.

Plaintiffs contend that certain pretrial and trial transcripts were unnecessary, especially at a daily rate. R. 686 at 10. But Defendant purchased transcripts of only portions of the proceedings, and the rates paid for daily copy were less than rates paid at other times during the case for the ordinary production schedule. *See* R. 654 at 5. Plaintiffs make no argument as to why these costs were unreasonable, so the Court will allow them.

Plaintiffs argue that transcripts from the underlying criminal case against Gater are not recoverable because they "were not actually undertaken *ab initio* for use in presenting evidence to the court in this case." R. 686 at 10 (quoting *Am. Auto. Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998)). But it is often the case that underlying administrative or criminal proceedings are highly relevant to subsequent related civil cases, and courts permit the costs of acquiring transcripts of such hearings. *See, e.g.*, *Miller v. Vohne Liche Kennels, Inc.*, 600 Fed. App'x 475, 478 (7th Cir. 2015); *Manson v. City of Chicago*, 825 F. Supp. 2d 952, 957 (N.D. Ill.

4

2011); *Bell v. Keating*, 2011 WL 2182117, at *4 (N.D. Ill. June 2, 2011). The Gater proceedings were unquestionably relevant to this case, so costs of those transcripts are allowed.

**4. Witness Fees**

Plaintiffs argue that Defendant's witness fees should not be awarded because the chart Defendant submitted with its petition associates dates in July 2016 with these witnesses, and Plaintiffs argue that no testimony was given in that month. R. 686 at 10. But a quick review of the subpoenas shows they were served in July for appearances at the trial in August 2016. *See* R. 688-5.

Plaintiffs argue that Defendant should not be awarded certain witness fees because Defendant "does not provide information for the calculation of the mileage fee." R. 686 at 11. But there is nothing facially unreasonable about the fees associated with the costs of witness travel sought, and Plaintiffs have identified no improper purpose. Thus, these costs are allowed.

Plaintiffs also argue that Defendant should not be awarded fees for witnesses who were not called or were otherwise subpoenaed and paid for by Plaintiffs. R. 686 at 11. But Plaintiffs do not contend that Defendant did not actually pay these witness fees or that it was unreasonable to anticipate calling these witnesses, or that Defendant did not need to ensure a witness was available in the event Plaintiffs did not call him. Furthermore, Plaintiffs cite no authority for their general proposition that the cost of uncalled witnesses are not compensable.

5

**5. Copies**

Lastly, Plaintiffs argue that the cost Defendant paid Plaintiffs' counsel for making a hard copy of discovery production is not compensable because "Defendant has failed to explain why the . . . documents produced by Plaintiffs were necessary for use in the case . . . or why electronic versions of the documents were not sufficient." R. 686 at 13. Plaintiffs have the burden to show the copying cost was unnecessary, which they have not done, likely because creating copies of discovery in order to provide it to opposing counsel is eminently reasonable.

Plaintiffs make a number of other arguments that Defendant should not be awarded the cost of copies associated with its document production, exhibits, and court filings. *Id.* at 13-15. Plaintiffs have not met their burden to establish that any of these costs are unreasonable, *see id.*, and Defendant has satisfactorily explained the costs. *See* R. 688 at 12-15. Thus, the copying costs will be included in Defendant's award.

**Conclusion**

For the foregoing reasons, Defendant is awarded costs in the amount of $36,528.23.

The Court notes that many of Plaintiffs' arguments were not well founded in law or fact. Indeed, the only plausible basis for two such arguments is either Plaintiffs' counsel's carelessness or hope that Defendant or the Court would fail to closely review the record and countenance Plaintiffs' arguments in error, i.e., the argument that court transcript fees should not be allowed because the dates on the

checks did not correspond to the date of a court hearing, and the argument that witness fees should not be allowed because Defendant identified the cost by the date of service rather than the date of testimony. Plaintiffs' counsel should take greater care in preparing papers that take the Court's time and cost the parties time and money.

Additionally, in a case that has lasted more than ten years, Defendant ultimately sought just over an average of $3,660 per year in costs. This is eminently reasonable, and an amount the parties should have been able to agree on without Court intervention.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 26, 2018